# Richmond.

## Petticolas v. City of Richmond.

### December 16, 1897.

#### Absent, Riely and Cardwell, JJ.

1. Joint Trespass—*Judgment Against One of Several Trespassers.*—A judgment against one of several joint trespassers, whether satisfied or not, is a bar to any action against the co-trespassers.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered June 22, 1895, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The plaintiff was the owner of a lot abutting on Eighth street, in the city of Richmond, which was damaged by the caving in or cracking of the land in consequence of insufficiently supporting a tunnel constructed under said street by the Richmond & Chesapeake Railroad Company. The declaration alleged the digging of the tunnel under the street under the authority of the city, and charged that it became and was the duty of the city to superintend and inspect the construction of the tunnel, and to require of the railroad company due and proper care in the construction of the tunnel, and in providing proper support for the superincumbent earth, and averred that the city had neglected its duty in that behalf, and had carelessly and negligently superintended and inspected the construction of the tunnel, and carelessly and negligently permitted the railroad

company to construct the tunnel under the street along and
opposite the land of the plaintiff, without using due and proper
care and caution to provide proper supports to sustain the super-
incumbent earth, in consequence whereof the earth, in and
along Eighth street, near the point where the plaintiff's land
abutted on said street, fell in and sank about six feet, causing
the plaintiff's land to sink about one foot, and the dwelling
house of the plaintiff on said land to become unsettled and
thrown out of plumb, and the walls thereof cracked and in-
jured.

The defendant pleaded the general issue and the statute
of limitations, and also filed a special plea. The special plea
was in the following words and figures:

"And for a further plea as to the breaking and entering the
said close in which, &c., and the treading down, trampling upon,
digging into, removing and carrying away the said earth, dirt,
gravel, stone, grass and herbage, as in the declaration in this
case is supposed to have done, the said defendant says that
before the institution of this case, to-wit: on the 7th day of
July, 1892, at the Circuit Court of the city of Richmond, the
plaintiff recovered, by the judgment and consideration of the
said court, in a certain action of trespass on the case against
the Richmond & Chesapeake Railroad Company, being the
company mentioned in the declaration in this cause, the sum
of five hundred and sixty-three dollars and thirty-three cents
and costs—that on said judgment the said plaintiff had issued
from the said court, before the institution of this cause, two
writs of *fieri facias*, one on a certain day, to-wit: on the 28th
day of July, 1892, and the other on a certain other day, to-wit:
on the first day of February, 1893, and that the trespasses and
premises mentioned in the declaration in this case, and supposed
to have been committed under the supervision or direction of
the said city of Richmond, or by the said city of Richmond,
by and through its agents, or employees, are the same trespasses
and premises with the trespasses and premises in the said action

of the said plaintiff against the said company, and for which the said plaintiff had recovered judgment as aforesaid, and on which they had issued the two writs of *fieri facias* as aforesaid and no other trespasses or premises.

"And this the said defendant is ready to verify."

The plaintiff objected to the filing of this plea, but the objection was overruled, and he excepted. He then demurred, but the demurrer was overruled. Thereupon he replied that the writs of *fieri facias* mentioned in the plea had been returned "no effects." To this replication the defendant demurred. The court sustained the demurrer, and entered judgment for the defendant, and the plaintiff applied for and obtained this writ of error.

*Pollard & Sands*, for the plaintiff in error.

*C. V. Meredith*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The only question to be decided on this writ of error is whether the plea filed by the defendant that the plaintiff had theretofore recovered a judgment against a co-trespasser for the same trespass or cause of action was sufficient, without averring that the judgment had been satisfied.

It is impossible to hold that such an averment was necessary without overruling the case of *Wilkes* v. *Jackson*, 2 Hen. & Munf. 355, and disregarding the common law doctrine upon the subject as understood in England as well as in this State.

It is insisted that the decision in *Wilkes* v. *Jackson* is in conflict with the great weight of American authority and wrong in principle, and that it was decided without much consideration. It is true, that most of the decisions of the courts of this country which have passed upon the question, including the Supreme Court of the United States, are in conflict with that decision.

There is no foundation, however, in our judgment, for the suggestion that the case was not much considered, and that the case of *Ammonett* v. *Harris*, 1 Hen. & Munf. 488, to which it refers as settling the principle governing both cases, does not sustain it.

These cases were decided by the same judges, with one exception in each case, and within six months of each other. Both cases were argued by very able counsel. In the earlier case most, if not all, the English authorities were cited and commented on. In each case all of the judges delivered opinions, which, when the two cases are considered together, show that the question of the right of a plaintiff to recover more than one judgment for a joint trespass, whether his action be joint or several, was examined with much care and learning, and the conclusion reached that only one final judgment could be rendered in a joint action, although there were several verdicts, and that a judgment against one trespasser may be pleaded in bar to an action brought against another for the same trespass, although there was no averment in the plea that the judgment had been satisfied.

If the conclusions reached in those cases were erroneous, it was not because the judges (distinguished alike for ability and fidelity) did not give the questions involved proper consideration, but because they fell into the same error, if it be error, that Baron Comyns, Baron Park, and other great English common law judges and lawyers fell into when they declared that such was the common law rule, and which the courts and judges of England are still laboring under, for we find that the Court of Exchequer in 1872, in the case of *Brinsmead* v. *Harrison* (L. R.), 7 C. P. 552, decided the precise question involved in *Wilkes* v. *Jackson* the same way. In that case, Kelly, C. B., after citing *Brown* v. *Wooton*, Yelv. 67 (cited and relied on in *Ammonett* v. *Turpin* and *Wilkes* v. *Jackson*), said: "This appears to me to be satisfactory and binding authority, and the more so because I find that one hundred and fifty years afterwards

it is quoted in a book of the highest authortiy, viz., Comyns'
Digest, which alone would make it a satisfactory guide for us
on the present occasion.   But it does not stop there, for I find
that *Brown* v. *Wooton,* and all the older cases are referred to
in *King* v. *Hoare,* 13 M. & W. 494, where the question was
fully and elaborately considered in the Court of Exchequer,
and a judgment pronounced by one of the most learned judges
that ever sat in Westminster Hall.   It is unnecessary to go
through the enlightened reasoning of that very learned person.
Suffice it to say that he deals with the whole law upon the sub-
ject.   *   *   *   *   There being then this series of authorities,
satisfactory of themselves, and having the sanction and approval
of Chief Baron Comyns and Lord Wensleydale, notwithstanding
the respect we entertain for the opinions and decisions of the
American courts, where a different view of the law seems to be
entertained, I think we are bound to follow those of our own
courts, and to hold that, upon principle as well as upon au-
thority, this plea is a good answer to the action; and conse-
quently the defendant is entitled to judgment."

We have neither the right nor the inclination to overrule the
decision in the case of *Wilkes* v. *Jackson.*   It was decided
nearly a century ago.   It is in accord with the common law doc-
trine upon the subject as understood and administered in the
English courts before and since that decision was made.   It has
been referred to with approval in our own courts (*Wells* v.
*Jackson,* 3 Munf. 459 and *Brown* v. *Johnson,* 13 Gratt. at
page 651) and seems to have met with the approval of the bar
and the legislature, as no effort, so far as we know, has ever
been made to change the law as laid down in that case, although
the legislature has made changes in a like rule of the common
law, that a judgment recovered against one joint obligor was a
bar to an action against another, on the same contract.

There is no error in the judgment complained of, and it
must be affirmed.

*Affirmed.*