MINNIE M. PARMENTER *vs.* AMOS C. BARSTOW *et al.*

PROVIDENCE—JULY 22, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Joint Tort Feasors. Res Adjudicata.*

Subject to the exception laid down in the rule in *Hunt* v. *Bates,* 7 R. I. 217, applicable to cases of trover and trespass, separate actions may be maintained against joint tort feasors, and a judgment against one tort feasor cannot be pleaded in bar of an action against another for the same cause of action.

Decision in *Bennett* v. *Fifield,* 13 R. I. 139, distinguishing *Hunt* v. *Bates, supra,* explained.

TRESPASS ON THE CASE for negligence. The facts are sufficiently stated in the opinion. Heard on demurrer to plea in bar of former judgment for same cause of action against a joint tort feasor. Demurrer sustained.

STINESS, J. The plaintiff sues for damages caused by negligence of defendants' servants in cutting stone upon a sidewalk, pieces of which struck her eyes. The defendants plead a former judgment in favor of the plaintiff against Rouse B. Chace for the same cause of action and damage which is claimed in this suit. The plaintiff demurs to this plea, on, the ground that the judgment against Chace does not bar a recovery in this action.

The defendants rely on *Hunt* v. *Bates,* 7 R. I. 217, and *Bennett* v. *Fifield,* 13 R. I. 139.

*Hunt* v. *Bates* was an action of trespass against one who had caused property to be taken on attachment, as the property of a third party, and a judgment in trover against the officer making the attachment was set up in bar. The judgment was held to be a bar to the action of trespass.

The opinion was based wholly upon English cases, and, so far as they concerned torts, they were those of trover and trespass. *Broome* v. *Wooton*, Yelv. 67 ; Cro. Jac. 73 ; Moore, 762 ; *Adams* v. *Broughton*, Andrews, 18 ; *Buckland* v. *Johnson*, 15 C. B. (6 J. Scott) 145. See also *King* v. *Hoare*, 13 M. & W. 494. The principle of the decisions was that by the judgment in the action of trover for the full value of the goods, the property in the goods was changed by relation from the time of the conversion, and, hence, the plaintiff, having no further interest in the goods themselves, could not sue in trespass for taking them. Thus the judgment became a bar to a subsequent suit in trespass. Such a conclusion rests upon a reasonable ground, whatever may be said about the more modern doctrine that the title does not pass until satisfaction of the judgment ; a question not now before us. If a judgment was regarded in law as equivalent to a payment, then a plaintiff could have no further action, because he would have received full satisfaction for the value of his property. From such cases the rule came to be stated that a judgment against one joint tort feasor would bar an action against another. But, even in England, this was stating the rule too broadly. In *Lacon* v. *Barnard*, Cro. Car. 35, one was sued in trover who pleaded a former judgment against another in trespass. The plaintiff replied that damages were only recovered for the *taking and detention*, and not for conversion. The replication was held to be good upon the ground that as the plaintiff had not recovered the value of the sheep in the trespass suit, but only for their detention, the property had not passed from him. In that case the two actions were allowed to stand. Hence it appears that the English rule, traced to its foundation, was simply this : that when title was held to have passed by a judgment in trover, the judgment was a bar to a subsequent action against

a joint trespasser. *Hunt* v. *Bates* was a case of this sort. *Bennett* v. *Fifield, supra*, was an action against a town for negligence in permitting cars loaded with large castings, likely to frighten horses, to stand in a highway. A judgment against the man who left them there was pleaded in bar. Durfee, C. J., said : "If we agree with the counsel that Lovell and the town are to be regarded as joint tort feasors, we cannot disagree with him in his conclusion without overruling the decision of this court in *Hunt* v. *Bates*. We are, however, very clearly of the opinion that Lovell and the town cannot in any sense be regarded as joint tort feasors. The torts which are imputed to them respectively are distinct. The tort with which Lovell is charged, and for which he was sued, is a tort at common law. The tort with which the town is charged is the neglect of a statutory duty." This case does not affirm *Hunt* v. *Bates*, nor even approve it. It points out a distinction between the two cases. It does, indeed, imply that *Hunt* v. *Bates*, lays down a rule for all joint tort feasors. But the court was not considering the case critically upon that point, and so, naturally, made a general statement as to its apparent scope. We do not think that the words were intended as a *dictum* that the case covered all cases of joint torts. A close examination of the case would have shown that it was not so. The rule which has grown out of cases of trover and trespass was applicable to *Hunt* v. *Bates*. Should it be the rule in all joint torts ? We think not. The reason on which the rule is founded does not apply to other torts, as we have seen. Furthermore, as pointed out by Mr. Justice Miller in *Lovejoy* v. *Murray*, 3 Wall. 1, the principle of *transit in rem judicatam*, the merging of the cause of action in a judgment which is of a higher nature, does not apply, because this plaintiff has no judgment against this defendant. It relates, moreover, to a single cause of action, like a partnership contract or a joint note. Where there is but one cause of action there can be but one judgment. There is good reason to apply this principle to a taking of goods on an unlawful attachment, since that is one act and the joint act of the attaching plaintiff

and the officer taking the goods. But as to other torts, like assault, trespass, negligence, and libel, while several may join in the wrong, the acts are so far individual and distinct as to give several causes of action. As to *Hunt* v. *Bates*, therefore, we have no need to make question at this time. In Cooley on Torts, 2 ed. §. 137, and in *Lovejoy* v. *Murray*, it is stated that the only two American cases which directly hold in favor of the bar of the former judgment are *Hunt* v. *Bates* and *Wilkes* v. *Jackson*, 2 H. & M. (Va.) 355. The rule in this country is that joint tort feasors may be sued separately. We have seen that *Hunt* v. *Bates* and, indeed, the English cases, only hold the contrary in cases of trover and trespass. As to other torts there is practical unanimity. Virginia stands alone in holding the judgment to be a bar in all cases. This it did in *Wilkes* v. *Jackson*, which was an assault case. That case has recently been reviewed and affirmed in *Petticolas* v. *Richmond*, 95 Va. 456 (1897), which was trespass on the case for negligence. The court rests wholly on the English cases and acquiescence for nearly a century in the rule of *Wilkes* v. *Jackson*.

The law of this country should be uniform as far as possible, and this would be a sufficient reason for following the prevailing rule in a mere matter of practice. By this rule joint tort feasors may be used separately, and we think that this is both reasonable and proper. We therefore sustain the demurrer to the plea.

*F. P. Owen,* for plaintiff.

*Cooke and Angell and Arnold Green,* for defendants.