FRANK L. HAYES, APPELLANT, V. PAYNE INVESTMENT CORPORATION: O. C. HOLMES ET AL., APPELLEES.

FILED MAY 10, 1934. No. 28907.

*Fred Marconnit* and *John A. McKenzie*, for appellant.

*Kelso A. Morgan* and *Wells, Martin, Lane & Offutt*, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

GOOD, J.

Plaintiff sued the several defendants to recover damages for an alleged fraud practiced by them in procuring him to enter into contracts for the purchase of lands in California from the Sacramento Suburban Fruit Land Company (hereinafter called the land company). Some of the defendants, acting as agents for the land company, procured plaintiff to enter into the contracts for the purchase of the California realty. Defendants admitted the making of the contracts, denied any fraud, and pleaded in bar a judgment and satisfaction thereof obtained by plaintiff against the land company in the United States district court for the northern district of California. At the conclusion of all the evidence, the trial court directed a verdict for defendants. Plaintiff has appealed.

It may be observed that the defendant Payne Investment Corporation was not organized and had no legal existence until long after the contracts were entered into, and there is no evidence that the defendant Securities Land & Improvement Company had anything to do with procuring the execution of the contracts. As to these defendants there can be no question that the verdict was properly directed for defendants.

From the record it appears that plaintiff sued the land company in the United States district court for the northern district of California to recover damages for the same alleged fraud. In that action there was a trial and a verdict, which reads as follows:

"We, the jury in the above entitled case, find in favor of the plaintiff, Frank L. Hayes, and against the defendant, Sacramento Suburban Fruit Land Co., and assess the plaintiff's damages at one thousand and 00/100 ($1,000) dollars. Not including balance owing the defendant."

The judgment entered on the verdict is in the following language:

"It is hereby ordered, adjudged and decreed, that there is as of this day the total sum of $2,017.20 owing and unpaid from plaintiff to defendant upon the contract of purchase referred to in plaintiff's complaint whereunder

plaintiff purchased from defendant real property described as lots 78 and 83 of Rio Linda Subdivision 6, Sacramento county, California; and plaintiff is entitled to and is hereby given credit upon said contract in the amount of the verdict of the jury, heretofore rendered herein on the 22d day of December, 1931, to wit, the sum of one thousand ($1,000) dollars together with costs in the sum of $266.88.

"Judgment entered this 22d day of December, 1931."

This judgment has not been appealed from, nor any action taken to modify it in any respect. It is the contention of defendants that this judgment is a bar to the present action. On the other hand, plaintiff contends that he is entitled to sue any or all joint tort-feasors and recover a judgment from each, but concedes that he is entitled to but one satisfaction for the cause of action. Plaintiff contends that there has been no satisfaction of the judgment obtained by him in the United States district court, and that that judgment, therefore, is not a bar to the present action.

Plaintiff cites and relies upon *Morse v. Modern Woodmen of America,* 166 Wis. 194; *Ketelsen v. Stilz,* 184 Ind. 702, L. R. A. 1918D, 303; *Fitzgerald v. Campbell,* 131 Va. 486, 27 A. L. R. 799; and 34 C. J. 687, 983.

In *Morse v. Modern Woodmen of America, supra,* it was held that payment into court of a judgment against one of two joint tort-feasors would not bar an action against the other, where the time for appeal had not expired, and that the plaintiff had the right to bring separate actions against the joint wrong-doers, and recover judgment against each and choose which judgment he will accept and satisfy. In that case the plaintiff still had the right of appeal from the first judgment, had not elected to accept the payment into court for him, and had not directed execution to issue for the collection of that judgment.

In *Ketelsen v. Stilz, supra,* it was held that an unsatisfied judgment against one of several joint tort-feasors

is no bar to an action against the other responsible for the same tort, although execution was issued thereon. In that case the execution had been returned unsatisfied, and there had been no satisfaction of the judgment.

In *Fitzgerald v. Campbell, supra,* a judgment had been recovered against one joint tort-feasor, and the clerk of the court, without the direction of either plaintiff or his attorney, had issued execution and caused the amount thereof to be paid to the sheriff. It was held that this was not a bar to an action by plaintiff against another of the joint tort-feasors. The decision was based upon the proposition that the clerk was without authority to issue the execution, under the circumstances, and that payment to the sheriff of the money on the judgment was not a satisfaction of that judgment, since plaintiff had not received, and refused to receive, the money from the sheriff.

In 34 C. J. at page 687, it is said: "In order that the acceptance of something other than money may operate as a satisfaction, there must be a positive and express agreement to accept the substitute for direct payment of the judgment." And at page 983 it is said: "Payment of a judgment into court, without acceptance thereof by plaintiff in satisfaction of his recovery, will not bar an action against a joint tort-feasor. So, where execution is issued without the knowledge or consent of plaintiff, who refuses to accept the money from the sheriff and directs that it be returned to the party who paid it, there is no such satisfaction of the judgment as will bar an action against a joint tort-feasor."

In our opinion none of the foregoing authorities is applicable to the situation presented by the record in this case. Plaintiff instituted the action against the land company; he recovered a verdict and had judgment entered thereon. That judgment gave him credit upon his contract with the defendant land company for the amount of the verdict. With this judgment he appears to have been satisfied, for he did not appeal from it or seek its

modification. By its terms, he has received the amount of the judgment, applied upon his indebtedness to the land company. It is reasonable to presume that in that case plaintiff may have been doubtful of being able to enforce payment of the judgment by execution, and preferred to have the court enter judgment in that form so that he could secure its satisfaction by its own terms. By his action plaintiff has reduced his liability to the land company by the amount of the judgment which he recovered. No action can be taken by him to enforce that judgment. It is self-executing and amounts to transferring to plaintiff the credit upon his obligation to the land company for the amount of the verdict.

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." Fed. Const. art. IV, sec. 1.

In 34 C. J. 1125, it is said: "But it is now settled that judgments rendered by courts of sister states are entitled to the same recognition accorded to judgments of domestic courts; and that they are entitled to the same faith and credit in every state as in the state where rendered. * * * The obligation to accord full faith and credit to a valid judgment, other than for lack of jurisdiction of the person or subject-matter, * * * is without limitation. Furthermore courts should not determine what part of a judgment of a court of another state should be effective and what part not, as if such judgment is regular on the face of the record it must be given effect in all its terms."

In 15 R. C. L. 927, sec. 405, it is said: "The constitutional requirement in regard to the full faith and credit to be given to judgments is applicable to a decree of federal courts in the same manner as to decrees of state courts."

Whether the judgment of the United States district court for the northern district of California responded to the issues pleaded, or is in any manner erroneous, cannot be questioned in this court. We are required to give

full faith and credit to the judgment as rendered, since that court was one of general jurisdiction and had jurisdiction of the person and subject-matter. The judgment and satisfaction thereof against one of the joint tort-feasors is a bar to any action against other joint tort-feasors for the same wrong.

The conclusion reached upon this question makes it unnecessary to consider any of the other assignments of error.

The judgment of the district court should be and is

AFFIRMED.