# Staunton.

## CENTRAL LAND COMPANY v. OBENCHAIN.

### SEPTEMBER 26, 1895.

1. NEW TRIAL—*Payment of Costs—Objection for Non-Payment.*—Where a new trial has been granted, upon condition of payment of the costs of the former trial, as prescribed by section 3542 of the Code, but the costs are not paid at or before the next succeeding term of the court, the court may, on the motion of the opposing party, set aside the order granting it, and proceed to judgment on the verdict, or it may award execution for costs, as may seem best; but if neither is done, and the parties proceed with the new trial, objection cannot thereafter be made, either in the trial court or the appellate court, that the costs have not been paid.

2. NEW TRIAL—*Motion in Trial Court—Exception.*—The Court of Appeals will not review the judgment of an inferior court unless it appears that a motion for a new trial was made in the trial court, and was overruled and exception taken; but it is not necessary that a formal bill of exceptions should be taken to the action of the trial court in overruling the motion for a new trial. It is sufficient if the facts otherwise appear from the record.

3. ACTUAL COST OF LAND—*Promoters' Profits.*—A clause in a prospectus of a company, stating that " it proposes to take and hold the properties desired, paying therefor actual cost," means that the company was to pay the actual price paid for the land to the owners thereof, excluding therefrom all profits to promoters.

4. PROMOTERS—*Fiduciary Relation—Profits—Assent of Company.*—Promoters of a corporation stand in a fiduciary relation to the corporation, and are not allowed to make a profit out of the corporation on the property purchased for it, unless, with full knowledge of all the facts, it is assented to by the corporation.

5. PRINCIPAL AND AGENT—*Profits of Agent—Promoters' Profits.*—An agent to buy or sell, or to act in any other business, will not be permitted to make profits for himself out of the transaction. All profits or advantages made, or contracted for by him in the business, beyond

the ordinary compensation to be paid by his principal, enure to the benefit of his principal. And this rule applies equally to promoters of a corporation who, like agents, occupy a fiduciary relation to the new corporation.

Error to a judgment of the Circuit Court of Botetourt county, rendered October 27, 1893, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

There were two trials of this case in the Circuit Court of Botetourt county, and on each trial there was a verdict for the plaintiff. The verdict on the first trial was set aside by the Circuit Court, on the motion of the defendant, on the usual terms as to payment of costs. The Circuit Court refused to set aside the verdict on the second trial, and entered up judgment for the plaintiff. To this judgment a writ of error was awarded by this court.

After the institution of the action, William Joliffe, one of the plaintiffs, assigned all of his interest in the subject of litigation to his co-plaintiff, Obenchain, and the verdict and judgment were in favor of the latter.

On the last trial the plaintiff asked two instructions, which were given, and the defendant asked nine, of which six were refused, and three modified by the court and given with the modifications. These instructions, which are referred to in the opinion of the court, are as follows:

*Plaintiff's Instructions Nos.* 1 *and* 2, *Given by the Court.*

No. 1. "If the jury believe from the evidence that there was a contract between the plaintiff and the defendant, as set forth in the prospectus, that there should be allowed to E. Dillon, for himself and his associates (and that the plaintiff was one of those associates), who have secured the

property and have been instrumental in the organization of this project, a commission of 10 per cent. on the cost of the property purchased, and that the said commission of 10 per cent. was not intended, with full knowledge of the facts by the parties to said agreement, to include, and was to be in addition to, any commission that might be due from the owners of the property who gave options or powers of attorney for the sale of their lands, then the jury should find for the plaintiff."

No. 2. " If the jury shall believe from the evidence that there was a contract between the plaintiff and the defendant, as set forth in the prospectus, that there should be allowed to E. Dillon, for himself and his associates (and that the plaintiff was one of these associates), who have secured the property and have been instrumental in the organization of this project, a commission of 10 per cent. on the cost of the property, etc., and that the said commission of 10 per cent. was intended by the parties to said agreement, with full knowledge of the facts, to include any commission that might be due from the owners of the property who gave options or powers of attorney for the sale of their lands, and that when said 10 per cent. was paid it was to be in satisfaction of the said 5 per cent. commission, as well as for other services in organizing the project, then the jury should find for the defendant."

*Defendant's Instructions Nos.* 3, 5, 6, 7, 8 *and* 9, *Refused.*

No. 3. " The court instructs the jury that the clause in the prospectus, ' It proposes to take and hold the properties desired, paying therefor the actual cost,' means that the Central Land Company, of Buchanan, was to pay for the lands the actual price paid for the land to the owners thereof, excluding therefrom all profits to promoters or middle-men."

No. 5. " If the jury believe from the evidence that William Joliffe and O. E. Obenchain were appointed upon an option committee, at a public meeting held in the town of Buchanan for the purpose of promoting the organization of a company for the development of the town of Buchanan and vicinity, before taking the option or power of attorney from Henry Felix and wife, and that the object of the appointment of said option committee was to secure options upon or control of lands upon which subsequently to favor said company, and that the defendant company was afterwards organized by Dillon, Joliffe, and others, as was contemplated at such meeting, and that the option or power of attorney of Henry Felix and wife, offered in evidence in this case, was turned over to and accepted by the defendant company, and that Joliffe and Obenchain received compensation from the defendant company for having secured the property, and for having been instrumental in the organization of the said company, then the jury must find for the defendant company."

No. 6. " If the jury believe from the evidence that E. Dillon, president of the Central Land Company, of Buchanan, paid to Joliffe and Obenchain their part of the 10 per cent., &c., provided for in the prospectus of said company to ' E. Dillon and his associates,' and at the time such payment was made by E. Dillon, under the authority of the Central Land Company, such payment of their part of the 10 per cent. was understood by said Dillon as in lieu of the 5 per cent. provided for in the options or power of attorney, and that Joliffe and Obenchain, when receiving such payment of their part of the 10 per cent. aforesaid, knew that Dillon intended it in lieu of the 5 per cent. aforesaid, and accepted their proportion or any part of their proportion of the 10 per cent. aforesaid with such knowledge, then the court instructs the jury that they must find for the defendant."

No. 7. " If the jury believe from the evidence that William Joliffe and O. E. Obenchain were appointed upon an option committee, at a public meeting held in the town of Buchanan for the purpose of promoting the organization of a company for the development of the town of Buchanan and vicinity, before taking the option or power of attorney from Henry Felix and wife, and that the object of the appointment of said option committee was to secure options upon or control of the lands upon which subsequently to form said company, and that the defendant company was afterwards organized by Dillon, Joliffe, and others, as was contemplated at such meeting, and that the option or power of attorney of Henry Felix and wife, offered in evidence in this case, was turned over to and accepted by the defendant company, and that Joliffe and Obenchain received compensation from the defendant company for having secured the property, and for having been instrumental in the organization of the said company, the jury must find for the defendant, unless the jury further believe from the evidence that the defendant company, after being informed that the plaintiffs claimed commissions from Felix and wife and also from the said company under the agreement in the prospectus, consented that Joliffe and Obenchain might receive compensation for taking the said power of attorney from the said Felix and wife, as well as from the said company."

No. 8. " If the jury believe from the evidence that William Joliffe and O. E. Obenchain had associated themselves with others for the purpose of organizing a company before they secured the power of attorney from Henry Felix and wife, and that the Central Land Company, of Buchanan, was subsequently formed in pursuance of such purpose, and that said William Joliffe and O. E. Obenchain were afterwards paid by the Central Land Company, of Buchanan, for their services in

securing the property, then the court instructs the jury that any profit or pay which the said Joliffe and Obenchain may have contracted for to be paid to them by the said Felix, growing out of the sale of his property to said company, enures to and becomes the property of the Central Land Company, of Buchanan, unless the jury believe from the evidence that said company, with full knowledge of all the facts, agreed that said Joliffe and Obenchain should receive such pay, profit, or commission from said Felix, in addition to the compensation paid them by said company for securing the property."

No. 9. " If the jury believe from the evidence that the prospectus of the Central Land Company, of Buchanan, was used by William Joliffe or O. E. Obenchain, or either of them, in assisting in the organization of said company, and that said Joliffe and Obenchain were promoters of the company, and that at the meeting for organization of said company on the —— day of April, 1890, that William Joliffe and O. E. Obenchain, or either of them, were present, and there in the meeting, before any property was purchased by said company, a stockholder asked the chairman of the meeting whether the 10 per cent., &c., provided for in the prospectus was all the compensation that the promoters would get for securing the property and organizing the project, and the chairman then replied in the affirmative, and that afterwards the option or power of attorney from Felix and wife to Joliffe and Obenchain was accepted by the Central Land Company, then the court instructs the jury that William Joliffe and O. E. Obenchain are estopped from claiming anything more than the amount provided for under the 10 per cent. clause of said prospectus, and cannot recover in this action."

*Defendant's Instructions Nos. 1, 2 and 4, as Offered.*

No. 1 (refused). " The court instructs the jury that if they

believe from the evidence that William Joliffe and O. E.
Obenchain, at the time they received the sum of $2,286 for
their services, as set forth in the prospectus, knew that the
Central Land Company considered that sum as in payment of
commissions on lands purchased by said company from land
owners whom the plaintiffs acted for, and that the said com-
pany paid it in full of said claims, and that Joliffe and Oben-
chain knew it, and received it knowing that it was so paid,
that there can be no recovery in this action by the plaintiffs."

No. 2 (refused). " The court instructs the jury that if they
believe from the evidence that William Joliffe and O. E.
Obenchain were associates of E. Dillon, as described in the
prospectus ; that they so regarded themselves, and were so
regarded by the Central Land Company; that the property,
the securing of which is there described, embraces the pro-
perty bought of Henry Felix, and that the Central Land
Company paid the sum of $2,286, or about that sum, to each
of the plaintiffs, and intended that sum to cover the plain-
tiffs' charges for getting the Felix property, now inquired
about, and the plaintiffs knew that the defendant company so
intended the said sum of $2,286 to each of the plaintiffs to
cover said charge, and they received said sums knowing that
the said defendant company intended said payment to cover
the claim sued on here, then the plaintiffs are not entitled to
recover in this action."

No. 4 (refused). " The court instructs the jury that if they
believe from the evidence that William Joliffe and O. E.
Obenchain were instrumental in the organization or creation
of the Central Land Company, of Buchanan, and secured the
option from Henry Felix for the purpose of aiding in the
organization of a company for the purchase of the lands from
Felix, and that the Central Land Company, of Buchanan,

was subsequently organized by their efforts, with the assistance of others, then the jury are instructed that the said William Joliffe and O. E. Obenchain stood in a fiduciary relation to the said Central Land Company, of Buchanan, as its promoters and trustees, and said Joliffe and Obenchain are not entitled to make a profit on the sale of said Felix lands to the company, unless the company, with knowledge of all the facts, agreed that the said Joliffe and Obenchain might make said profit; and if the jury believe from the evidence that when the Central Land Company, of Buchanan, adopted the prospectus (Ex. ' F '), and agreed to accept the option of Felix, it was also intended by said company that the 10 per cent. clause in said prospectus was to cover all compensation to the promoters, then the jury are instructed that the plaintiffs are not entitled to recover in this action."

## *Defendant's Instructions Nos.* 1, 2 *and* 4, *as Modified and Given by the Court.*

No. 1. " The court instructs the jury that if they believe from the evidence that William Joliffe and O. E. Obenchain, at the time they received the sum of $2,286 for their services, as set forth in the prospectus, knew that the Central Land Company considered that sum as in payment of commissions on lands purchased by said company from land owners whom the plaintiffs acted for, and that the said company paid it in full of said claims, and that Joliffe and Obenchain knew it, and received it knowing that it was so paid, *without objection or contention to the contrary by O. & J.*, that there can be no recovery in this action by the plaintiffs."

No. 2. " The court instructs the jury that if they believe from the evidence that William Joliffe and O. E. Obenchain were associates of E. Dillon, as described in the prospectus; that they so regarded themselves, and were so regarded by

the Central Land Company; that the property, the securing of which is there described, embraces the property bought of Henry Felix, and that the Central Land Company paid the sum of $2,286, or about that sum, to each of the plaintiffs, and intended that sum to cover the plaintiffs' charges for getting the Felix property, now inquired about, and the plaintiffs knew that the defendant company so intended the said sum of $2,286.12 to each of the plaintiffs to cover said charge, and they received said sums knowing that the said defendant company intended the said payment to cover the claim sued on here, without objection or contention to the contrary by Joliffe and Obenchain, then the plaintiff is not entitled to recover in this action."

No. 4. " The court instructs the jury that if they believe from the evidence that William Joliffe and O. E. Obenchain were instrumental in the organization or creation of the Central Land Company, of Buchanan, and secured the option from Henry Felix for the purpose of aiding in the organization of a company for the purchase of the lands from Felix, and that the Central Land Company, of Buchanan, was subsequently organized by their efforts, with the assistance of others, then the jury are instructed that the said William Joliffe and O. E. Obenchain stood in a fiduciary relation to said Central Land Company, of Buchanan, as its promoters or trustees, and said Joliffe and Obenchain are not entitled to make a profit on the sale of said Felix lands to the company, unless the company, with knowledge of all the facts, agreed that said Joliffe and Obenchain might make said profit; and if the jury believe from the evidence that when the Central Land Company, of Buchanan, adopted the prospectus (Ex. ' F '), and agreed to accept the option of Felix, it was also intended by the parties to said agreement that the 10 per cent. clause in said prospectus was to cover all

compensation to the promoters, then the jury are instructed that the plaintiffs are not entitled to recover in this action."

*Griffin & Glasgow* and *Benjamin Haden,* for the plaintiff in error.

*E. M. Pendleton* and *F. T. Glasgow,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Where a verdict has been set aside and a new trial granted, sec. 3542 of the Code requires that the party to whom the new trial is granted shall, previous to such new trial, pay the costs of the former trial, unless the court shall enter of record that the new trial was granted because of the misconduct of the opposite party, and shall otherwise order. But if he fails to pay the costs on or before the next term after the new trial is granted, the court may, upon motion of the opposite party, set aside the order granting it and proceed to judgment on the verdict, or award execution for such costs, as may seem to it best. If, however, the costs have not been paid as required, and the opposite party does not move the court to set aside the order granting the new trial, and render judgment upon the verdict, but proceeds with the new trial, he will not be heard afterwards to object in the trial court, or in an appellate court, that the costs of the former trial have not been paid.

The record shows in this case that the defendant company moved the court to set aside the verdict and grant it a new trial, because the court erred in admitting and rejecting evidence, in giving and refusing instructions, and because the verdict was contrary to the law and the evidence. It also shows that the court overruled the motion, and that it excepted to the action of the court, and tendered its bill of ex-

ceptions to such rulings of the court, as well as to other rulings made during the trial, which were signed, sealed, and made a part of the record. All the bills of exceptions referred to in the order of the court, except the one based upon the action of the court in refusing to set aside the verdict and grant a new trial, are found in the record.

This court, in the case of *Newberry* v. *Williams*, 89 Va. 298, held that, unless the record showed that a motion was made for a new trial in the court below, and was overruled, and that such action was excepted to, this court could not review the judgment; but it did not, as the defendants in error insist, hold that a formal bill of exceptions should be taken to the action of the court in overruling the motion for a new trial. All that the rule requires is that the record shall show that such a motion was made and overruled, and that this action of the court was excepted to. In this case the judgment complained of shows that such motions were made, overruled, and excepted to. This was sufficient.

Obenchain and Joliffe, the plaintiffs in the trial court, brought an action of *assumpsit* against the Central Land Company, of Buchanan, to recover $500. The ground upon which they based their right to recover this sum was that, as agents of one Felix and wife, they had sold to the defendant company a tract of land at the price of $10,000, for the sale of which Felix was to pay them 5 per cent. commissions; that the defendant company paid Felix the whole purchase price of the land, but afterwards collected from him their commissions, amounting to $500, and refused to pay the same over to them.

The defendant company made defence upon the ground that when Obenchain and Joliffe became the agents of Felix, and acquired an option upon or the right to sell the land, they were engaged in promoting the organization of the defendant company, and getting control of that and other

lands, which were to be transferred and conveyed to the defendant company when organized; that the company was afterwards organized, and the lands turned over to it; that Obenchain and Joliffe, along with E. Dillon and others, the special promoters of the company, were paid by the company after its organization for all their services in securing property for and in organizing the company, in accordance with the provisions of the prospectus under which the company was organized, viz. : " But it is understood that there shall be allowed E. Dillon, for himself and associates who have secured the property, and have been instrumental in the organization of this project, a commission of 10 per cent. on the cost of the property purchased ; and that they shall have, in addition, the right to purchase at any time within three years, for themselves and others whose services may be considered important to the success of the company, four hundred shares of development stock above mentioned, at fifty cents in the dollar, which shall be reserved for them ; " that Obenchain and Joliffe, prior to the institution of this suit, received from the company some $2,200 each, in full for their services in acquiring the property and in organizing the company, and that the $500 commissions on the Felix land, and for which the company was sued, belonged to it and not to Obenchain and Joliffe.

Upon the trial of the cause the defendant company moved the court to give nine instructions, six of which, numbered 3, 5, 6, 7, 8, and 9, the court refused to give, and three of which, numbered 1, 2, and 4, it refused to give as offered, but gave them with amendments.    It also gave two instructions asked for by the plaintiffs.    To all of which rulings of the court the defendant company excepted.

The defendant·company, by its instruction No. 3, asked the court to instruct the jury that the clause in the prospectus, " It proposes to take and hold the properties desired, paying

therefor actual cost," means that the Central Land Company, of Buchanan, was to pay for the lands the actual price paid for the land to the owners thereof, excluding therefrom all profits to promoters or middle-men. This construction correctly construed the clause in the prospectus referred to, and ought to have been given, though it would have been clearer if the words " or middle-men " had been omitted. Upon the next trial of the case, if this instruction is asked for, it should be given with the words " or middle-men " omitted.

It will serve no good purpose to enter into a detailed discussion of the other instructions. We will content ourselves, therefore, with stating the principles of law which ought to control in the trial of the case.

If the plaintiffs were not promoters of the defendant company when they entered into the contract made between them and Felix and wife, they were entitled to receive the commissions provided for in that contract.

But if they were promoters of the defendant company, and engaged with others in obtaining control of lands for the purpose of organizing such company, when they entered into the contract with Felix and wife, then they stood in a fiduciary relation to the company, in whose interests and for whose organization they were working, and they were not entitled to the commissions provided for in their contract with Felix and wife, unless, with full knowledge of all the facts, the defendant company agreed that they might not only receive the commissions provided for in the prospectus, but also the commissions contracted for with Felix and wife.

It is settled law that an agent employed to purchase or to sell, or to act in any other business, will not be permitted to make profits for himself out of the transaction, and that profits so derived enure to the benefit of the principal. And this rule of law applies equally to the promoters of a corporation who occupy, like agents, fiduciary relations to the new company.

It may be stated as a general principle that in all cases where a person is either actually or constructively an agent for another, all profits and advantages made or contracted for by him in the business, beyond the ordinary compensation to be paid him by his principal, are for the benefit of his principal. Story on Agency (8th ed.), sec. 211 ; 2 Pom. Eq. Jur., sec. 959 ; 1 Beach on Private Corp., sec. 237.

These principles are specially applicable to corporations, which can only act by trustees or agents. The great number of corporations, the enormous amount of wealth invested in them, and placed under the control and management of agents and trustees, strongly demand of courts of justice a firm adherence to these principles, and a rigid application of them to every case coming within their operation.

Tested by these principles, the instructions given by the court ought not to have been given, and the defendant company's instructions, numbered 2, 4, 7, and 8, which the court refused to give, ought to have been given.

Upon the first trial of this case there was a verdict in favor of the plaintiffs, which was set aside upon motion of the defendant company, and a new trial granted, which resulted in the proceedings which we have been considering. The verdict rendered on the first trial was properly set aside (if not upon the grounds stated in the order setting it aside and granting a new trial, upon which we express no opinion) for erroneous rulings of the court in giving the plaintiffs' instruction Nos. 1 and 2, and for refusing to give defendant company's instructions Nos. 1 and 3.

The judgment of the Circuit Court upon the last trial must be set aside, and a new trial awarded, to be had in accordance with this opinion.

*Reversed.*