## Richmond.

### HAUPT *v.* TEBAULT.

January 7, 1897.

1. NEW TRIALS—*Payment of costs.*—Where a new trial has been granted upon
condition of paying the costs of the former trial, as provided by section
3542 of the Code, it is sufficient if the costs are paid or tendered at any
time before the order granting the new trial has been set aside, and
after such tender or payment it is error to rescind the order for the new
trial.

Error to a judgment of the Corporation Court of the city
of Norfolk, rendered November 3, 1894, in an action of as-
sumpsit wherein the defendant in error was the plaintiff, and
the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*E. R. Baird, Jr.*, for the plaintiff in error.

*W. N. Portlock* and *W. A. Ross*, for the defendant in
error.

BUCHANAN, J., delivered the opinion of the court.

A new trial was granted in this case. The costs were not
paid at or before the next term of the court. At a subse-
quent term, the plaintiff, against whom the new trial had
been granted, moved the court to set aside the order granting
it because the defendant had not paid the costs as required by
law. Thereupon the defendant tendered the costs of the for-
mer trial. The court sustained the motion and rescinded the

order for a new trial.   This action of the court is assigned as error.

Where a new trial is granted for causes other than the misconduct of the opposite party, section 3542 of the Code provides that the party to whom the new trial is granted, shall, previous to such new trial, pay the costs of the former trial. It also provides that "if the party who is to pay the costs of the former trial, fail to pay the same at or before the next term after the new trial is granted, the court may, upon motion of the opposite party, set aside the order granting it, and proceed to judgment on the verdict, or award execution for said costs, as may seem to it best."

The object of the former provision is to make the pre-payment of such costs a condition precedent to a new trial, unless waived by the opposite party. *Central Land Co.* v. *Obenchain*, 92 Va. 150. The object of the latter provision is to secure their prompt payment. If the party whose duty it is to pay the costs fail to do so at or before the next term of the court after the new trial is granted, he runs the risk of having the order granting it rescinded, or of having an execution awarded against him for such costs. If, however, the costs are paid or tendered before the order granting the new trial has been set aside, or an execution awarded for them, the object of the latter provision of the section has been accomplished, and the condition upon which the court was authorized to award an execution, or to set aside the order for a new trial has ceased to exist.

The court therefore erred in rescinding the order for a new trial, and for such error its judgment must be reversed, and the cause remanded with direction to it to receive the costs tendered, and, when so received, to proceed with the cause under its order for a new trial.

*Reversed.*