J. W. FITZGERALD v. JAMES CAMPBELL.

November 17, 1921.

1. JOINT TORT-FEASORS—*Judgment Against One Tort-feasor as Bar to Judgment Against Another—Plaintiff's Right to Elect Under Section 6264 of the Code of 1919.*—Code of 1919, section 6264, provides that if there be separate judgments against different defendants for a joint wrong, that plaintiff shall elect which of them he will prosecute, but the payment or satisfaction of any one of such judgments shall be a discharge of all, except as to costs.

   *Held:* That under this section plaintiff has the right to elect whether he will or will not prosecute a judgment against several joint tort-feasors, and has the right to await the trail and result of an action against another joint tort-feasor before deciding whether he will prosecute the first judgment by suing out execution thereon. And an order of court, prior to adjournment for the term, pursuant to Code of 1919, section 6500, that execution may issue upon "judgments and decrees rendered during the present term of the court after ten days from this date" cannot be held to have the effect of authorizing the clerk to exercise plaintiff's right of election, though the execution issued accordingly is paid to the sheriff.

2. EXECUTIONS—*Right of Clerk to Issue.*—At common law the clerk has no right to issue an execution without the direction of the plaintiff or his attorney. After the adjournment of the term of court at which a judgment is rendered, section 6480 of the Code of 1919 does authorize the clerk to issue execution thereon without any direction so to do.

3. JOINT TORT-FEASORS—*Judgment Against One Tort-feasor as Bar to Judgment Against Another—Execution Issued Under Section 6480.*—While holding that execution issued and paid against a joint tort-feasor, without the consent of plaintiff, under an order of court prior to adjournment pursuant to section 6500, Code of 1919, was not a bar to the prosecution of an action against another joint tort-feasor, the court did not decide what would have been the effect if the action of the clerk in issuing execution had been under section 6480 of the Code of 1919.

Error to a judgment of the Circuit Court of Augusta county in an action of trespass. Judgment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

This is an action of trespass brought by the plaintiff in error, as plaintiff in the court below, against the defendant in error, as defendant in the court below, seeking to recover damages for an assault and battery committed upon the plaintiff by the defendant as alleged in the declaration.

The defense interposed by the defendant in the court below by special plea was that at the same time at which this action was instituted the plaintiff also brought another action against one C. P. McClure and five others, as joint tort-feasors with the said defendant, Campbell, in the commission of the identical wrong, to-wit, the said assault and battery, alleged in the declaration in the instant case. That the plaintiff elected to try the action against McClure and others first, and, on December 2, 1920, recovered a judgment against McClure and others in the said action against them at the term of court then being held. That no direction was given to the clerk by the plaintiff or his attorney when or after such judgment was recovered not to issue execution thereon, nor did the plaintiff or his attorney at any time request the clerk to issue execution on such judgment. That pursuant, however, to an established custom of the court, the court below, acting under section 6500 of the Code, on December 16, 1920, more than fifteen days from the beginning of the current term, entered the following order, to-wit: "Ordered that execution may issue on all judgments and decrees rendered during the present term of the court after ten days from this date." That execution on said judgment was accordingly issued by the clerk of the court below, bearing date December 21, 1920, and went into the hands of the sheriff to be executed, and

afterwards, and before the instant case was called for trial, the amount of the execution was paid to the sheriff by the several execution debtors. That the court did not adjourn for the term until some time in the following January. That at the time this payment was so made neither the sheriff nor the execution debtors had any actual knowledge of the fact that the plaintiff did not desire that payment should be so made and received. And such payment was, by such special plea, pleaded and relied on as payment in full and in discharge of the said execution and judgment and as satisfaction thus received by the plaintiff for the damages occasioned him by the alleged wrong committed upon him, and in bar of any recovery against the defendant in the instant action.

It was and is a fact, however, that neither the plaintiff nor his counsel intended to accept any payment from the said judgment debtors or any of them, or that execution should issue on the judgment, before the instant case had been tried and determined; nor did the plaintiff or his counsel know that the execution had issued until it was paid as aforesaid. Further, the plaintiff thereupon refused to accept said payment and the money was left in the hands of the sheriff, with the direction from counsel for plaintiff that it might be returned to the parties who paid it.

The foregoing are conceded to be the facts in the case.

There being no controversy as to the facts, by pleadings which were somewhat irregular, but as to which all objections before us have been waived, the case was submitted to the court below for decision upon the point of law involved. Whereupon the court, in substance, decided that the payment to the sheriff was to one authorized to receive it, and was, therefore, in contemplation of law, a payment and satisfaction of the judgment, within the meaning of section 6264 of the Code; and, hence, that upon the special plea and upon the facts aforesaid, the law was for

the defendant, and entered judgment accordingly, dismissing the plaintiff's action, with costs, however, to the plaintiff as the statute provides; and the plaintiff brings error.

*Hugh A. White* and *Chas. A. Hammer,* for the plaintiff in error.

*Curry & Curry* and *Timberlake & Nelson,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

[1] The case turns upon the decision of the following question, namely:

1. Was the execution issued by the clerk without the direction of the plaintiff, under the general order of court, such an execution that the payment of it to the sheriff by the execution debtors, without the express or implied actual consent of the plaintiff, can be considered as, in contemplation of law, a payment or satisfaction of the judgment within the meaning of section 6264 of the Code, so as to bar the plaintiff's action in the instant case?

This question must be answered in the negative.

Section 6264 of the Code, so far as material, is as follows:

"A judgment against one of several joint wrongdoers shall not bar the prosecution of as action against any or all of the others, but the injured party may bring separate actions against the wrongdoers and proceed to judgment in each, * * * and no bar shall arise as to any of them by reason of a judgment against another or others, until the judgment has been satisfied. If there be separate judgments against different defendants for a joint wrong, the plaintiff shall elect which of them he will prosecute, but the payment or satisfaction of any one of such judgments shall be a discharge of all, except as to the costs."

Prior to this statute the rule on the subject in Virginia was the same as that in England, being that a judgment

against one of several joint wrongdoers, whether satisfied or not, was a bar to any action against the others. *Petticolas* v. *City of Richmond*, 95 Va. 456, 28 S. E. 566, 64 Am. St. Rep. 811. The revisors' note to section 6264 of the Code contains this statement: "This section is new, and overturns *Petticolas* v. *City of Richmond* * * *. It is said, however, that the great weight of authority in the United States is otherwise (Burks' Pl. & Pr., p. 10), and the new section makes this view statutory in Virginia, the revisors being of opinion that the bar should not fall until there has been a satisfaction of the wrong done."

The rule in the United States in accordance with the great weight of authority and that now made statutory in Virginia, as stated by the revisors of the Code, as aforesaid, is thus enunciated in 1 Cooley on Torts (3rd ed.), p. 232: "The rule laid down by that eminent jurist, (Chief Justice Kent, of New York) and which has been since generally followed in this country is, that the party injured may bring separate suits against the wrongdoers, and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received. * * But he (the plaintiff) can claim or enforce only one satisfaction for the same injury, he must elect against which of the several he will proceed to execution for the satisfaction of his damages. * * * And such election, followed by actual satisfaction of that particular judgment, will preclude the plaintiff from proceeding against either of the other defendants upon the judgments recovered against them, except for the costs of the respective cases, which he may enforce the collection of by execution." See to same effect note 11 Am. St. Rep. 906.

We are of opinion that under this rule, and by the very terms of the statute above quoted, the plaintiff had the right to elect whether he would or would not prosecute the judgment he obtained against the wrongdoers other than Camp-

·bell; and, therefore, had the right to await the trial and the result of the instant case before deciding whether he would prosecute the judgment aforesaid, by suing out execution thereon. And whatever may be the effect of the action of a clerk in issuing executions in other cases, under a general order of court such as that involved in the instant case, prior to the adjournment of the court for the term (as to which we are not called upon in this case to decide and therefore express no opinion), we hold that such an order of court cannot be held to have the effect of authorizing the clerk to exercise the said right of election for the plaintiff; which would be the result if the execution issued by the clerk under the circumstances of the instant case, could be held to be such an execution that the payment of it to the sheriff by the execution debtors, without the consent of the plaintiff, was in contemplation of law, the payment or satisfaction of the judgment within the meaning of section 6264 of the Code.

[2, 3] At common law the clerk has no right to issue any execution without the direction of the plaintiff or his attorney. Herman on Executions, pp. 64, 66, 79, 23 C. J. p. 364; 17 Cyc. 986.

As said in Herman on Executions, *supra,* p. 66; "In the absence of statutory provisions to the contrary a clerk has no right to issue executions without the direction of the plaintiff or his attorney. * * * The property in the judgment is in the plaintiff therein, and he alone or those acting for him, have the exclusive right to order execution * * ."

In 23 C. J., p. 364, this is said: "Is the absence of statutory regulation the clerk has no authority to issue an execution without the direction of the judgment creditor or his attorney, * * . A party is not bound by a proceeding under an execution issued without his authority or that of his attorney, even though it is the custom of the clerk to issue executions without such authority."

Section 6480 of the Code does authorize the clerk after the adjournment of the term of court at which a judgment is rendered to issue execution thereon without any direction so to do, by providing that "it shall be the duty of the clerk * * to issue a writ of *fieri facias* as soon as practicable after the adjournment of the term of the court * * and to place the same in the hands of the proper officer of such court to be executed * * unless he (the clerk) be otherwise directed by writing by the beneficiary of such judgment, his agent or attorney."

The learned judge of the court below gave to section 6500 of the Code, under which the general order of court involved in the case before us was entered, and to such general order itself, the same meaning as that of section 6480. The language of section 6500 and of the general order of court aforesaid is very different from that of section 6480. Section 6500, so far as material, is as follows: "Any court, after the fifteenth day of its term, may make a general order *allowing executions to issue* on judgments and decrees after ten days from their date, although the term at which they are rendered be not ended." (Italics supplied.) And the general order of court aforesaid provided "that executions *may issue* on all judgments and decrees rendered during the present term of the court after ten days from their date." (Italics supplied.) Hence, without deciding what would have been the effect of the action of the clerk if it had been under section 6480 aforesaid, we have no hesitancy in holding that the action of the clerk in the instant case, without the direction of the plaintiff or his attorney, cannot be regarded as authorized by the plaintiff, or by law, so as to give to it the effect of an exercise of the plaintiff's right of election aforesaid. Without some affirmative action on the part of the plaintiff, such as suing out of the execution, or receiving the money collected by the sheriff under it, or the like, actually accept-

ing or in some way binding the plaintiff to accept such money, "in satisfaction of the wrong done" (to quote the language aforesaid of the revisors of the Code), the plaintiff cannot be said to have ever exercised his right of election given him by the statute (section 6264 of the Code), as aforesaid.   Until such right of election was actually exercised by the plaintiff in some way, it remained unaffected by whatsoever else may have occurred.

In Iowa a defendant has the statutory right to pay to the clerk of the court in which it is rendered the amount of any judgment against him in discharge of the judgment.   In the case of *McDonald* v. *Nugen,* 118 Iowa 512, 92 N. W. 675, 96 Am. St. Rep. 407, the plaintiff sued separately and recovered a judgment against one joint tort-feasor, which was paid to the clerk of the court by the other tort-feasor without authority in fact from the plaintiff to such clerk to accept payment for him, nor did the plaintiff in fact accept such payment. The authority of the clerk to receive payment was purely statutory.   The joint tort-feasor who paid such judgment pleaded such payment in bar of the plaintiff's action against him. The court in the opinion, after referring to the majority rule above mentioned as prevailing in that State, said this: "This brings us to the question of what is the legal satisfaction contemplated by the rule above noticed.   The authorities generally hold that the plaintiff may prosecute separate action against joint wrongdoers to final judgment, if in the meantime he has not received satisfaction for the injury from any source (Cooley on Torts 138), and that he may elect which judgment he will enforce for his satisfaction; *Putney* v. *O'Brien,* 53 Iowa 117, 4 N. W. 891; Cooley on Torts 138.   Following these rules to their final analysis, it is evident that the satisfaction which the law says shall bar further recovery must be such as shall be voluntarily accepted by the plaintiff.   Otherwise, one joint tort-feasor, or all of them, acting in concert through the one, or the clerk, might in fact exercise the election which

the law says the plaintiff has the right to make, and thus defeat the very object of the rule giving the plaintiff the right to maintain separate actions, and to prosecute them to final judgment." (Citing *Blann* v. *Crocheron,* 20 Ala. 320, in which the judgment debtor paid the amount of the judgment to the clerk.)

"It is well said in the last case cited: 'Were the law otherwise, it would enable joint trespassers, who were sued separately, to hasten the trial of the one least guilty among them, and, by satisfying, in the clerk's office, the damages and costs adjudged against him, to free themselves from all responsibility for their own greater guilt. In fact, it would change the rule of law, which gives the right of election in such cases to the plaintiff, and bestow it upon the defendant. To determine, the plaintiff's right to elect, he must act.' "

"    *    *    The satisfaction must be such as is acceptable to the plaintiff as the final determination of his right of action against all of the wrongdoers, and it must of necessity be a satisfaction to which he has agreed, either expressly or impliedly    *    *    . In other words, he cannot be deprived of his right of election against the wrongdoers, except on account of some act of his own."

And the court held that the payment to the clerk, which was not in fact authorized by the plaintiff, or in fact accepted by the latter, was not such a satisfaction of the judgment as would constitute the accord and satisfaction which is essential to bar proceedings against the other wrongdoer.

(See to same effect, where there was payment into court and satisfaction of judgment entered of record by the clerk. *Power* v. *Baker* (C. C.), 27 Fed. 396.)

The court in *McDonald* v. *Nugen* deals with the effect of the payment to the clerk under the purely statutory authority therefor, and in that connection says: "It is true that the payment to the clerk of the court in which it is rendered is authorized, and that such payment will be a

satisfaction thereof, so far as the judgment debtor is concerned: but there is a wide difference between the satisfaction of a judgment of record, which operates to bar further procedings against the judgment debtor, and the accord and satisfaction which will bar proceedings against his joint wrongdoer.   In the first case the defendant has done no more than the law requires him to do, though it may have been done without the solicitation of the plaintiff; nor was such consent on the part of the plaintiff necessary to the protection of the defendant.   In the latter case the · satisfaction must be such as is acceptable to the plaintiff * * * ."

It is urged in argument for the defendant that the payment of the execution by the execution debtors was not voluntary in the case before us, but enforced by the sheriff under the authority conferred upon him. by law as incident to the· having the execution lawfully in his hands.   If that were conceded to be true, still it would be immaterial in so far as the question we have under consideration is concerned.   The payment thus enforced could not be considered as enforced at the instance of the plaintiff by any voluntary act of his, but only as the involuntary result of the operation of the general order of the court entered under the statute on the subject of the issue of executions.   For the reasons aforesaid, we are of opinion that it was not the intention nor the effect of such statute, in any view of it, to deprive the plaintiff of his right of voluntary election aforesaid in the case of a judgment in tort against one or more, but not all, of the wrongdoers.

The case must therefore be reversed; and we will enter an order remanding the case to the court below with direction to dismiss the special plea of the defendant filed therein and to proceed with the further trial of the case, in a manner not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*