## CIRCUIT COURT OF HENRICO COUNTY

Shirley W. Englehart, Jr.

v.

Ray Ellis Green

March 10, 1980

Case No. 78-L-390

By JUDGE L. PAUL BYRNE

The above-styled matter was a civil suit for damages for personal injuries sustained by the plaintiff while in the performance of his duties as a police officer for the Henrico County Police Department on March 24, 1978, against the defendant for unlawful and intentional assault. The plaintiff prayed for compensatory damages in the amount of $50,000.00 and punitive damages in the amount of $100,000.00. At the time of the commencement of the suit and the trial thereof, the defendant was a convicted felon and incarcerated in a correctional institution of the State. As required by §§ 8.01-297 and 8.01-9 of the Code of Virginia (1950), the Court by Order dated December 27, 1978, appointed Mr. Oxenham as guardian ad litem for the defendant upon the motion of the plaintiff, by counsel.

The matter was tried before a jury in this Court on September 25, 1979, which returned a verdict in favor of the plaintiff against the defendant and assessed his damages at $10,000.00 for compensatory damages and $15,000.00 for punitive damages. Certain

post-trial motions were made by the defendant and overruled by the Court and judgment was entered on the verdict. At that point, the guardian ad litem raised the issue of his compensation for representing the defendant and who was responsible for its payment under Code § 8.01-9(A). The Court took this matter under advisement and requested counsel to submit simultaneous Memoranda of law covering their respective positions. Subsequently, on October 15, 1979, the Court vacated its final judgment order of September 25, 1979, on motion of the defendant, and, for the record, continued the matter under advisement solely as to the issue of the guardian ad litem's compensation.

The guardian ad litem, Mr. Oxenham, by letter dated September 27, 1979, filed his memorandum promptly with respect to the issue reserved. The Court by letter to counsel dated October 3, 1979, acknowledged Mr. Oxenham's memorandum and advised Mr. Barnes, counsel for the plaintiff, that it would extend the time for filing his reply thereto to October 20, 1979. To date, the Court has not received Mr. Barnes's reply and will proceed to conclude the matter without further delay.

The Court, like the guardian ad litem, has been unable to find any Virginia cases dealing with the issue of compensating a guardian ad litem for an indigent convict. Therefore, it must seek an analogy from the Virginia cases dealing with a similar issue (the mandatory appointment of a guardian ad litem for persons under disability) such as in the case of an infant defendant and cases from other jurisdictions.

It cannot be disputed that the law in Virginia recognizes a convict as a person under disability and mandates the appointment of a guardian ad litem to protect his interests in any action in which he is a defendant except when he is represented by an attorney at law duly licensed to practice in Virginia who shall have entered of record an appearance for him. This is apparent from a reading of §§ 8.01-297 and

8.01-9 of the Code of Virginia (1950), which are set out below:

§ 8.01-297. Process on convict defendant. In all actions against one who has been convicted of a felony and is confined in a local or original jail or State correctional institution, process shall be served on such convict and, subject to § 8.01-9, a guardian ad litem shall be appointed for him. Such service may be effected by delivery to the officer in charge of such jail or institution whose duty it shall be to delivery forthwith such process to the convict. (Emphasis added).

The pertinent language of Code § 8.01-9, supra, is as follows:

§ 8.01-9. Guardian ad litem for persons under disability; . . . . A. A suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the Court in which such suit is pending, . . . shall appoint some discreet and competent attorney at law as guardian ad litem to such defendant, whether such defendant shall have been served with process or not; . . . Every guardian ad litem shall faithfully represent the estate or other interests of the person under a disability for whom he is appointed, and it shall be the duty of the Court to see that the interests of such defendant is so represented and protected. . . . When, in any case, the Court is satisfied that the guardian ad litem has rendered substantial service in representing the interests of the person under a disability, it may allow such guardian reasonable compensation therefor, and his actual expenses, if any, to be paid out of the estate of such person; provided, if such estate is inadequate for the purpose of paying such compensation and expenses,

all, or any part thereof, may be taxed as costs in the proceeding.

B. Notwithstanding the provisions of subsection A or the provisions of any other law to the contrary, in any suit where any person under a disability is a party defendant, and is represented by an attorney at law duly licensed to practice in this Commonwealth, who shall have entered of record an appearance for such person, no guardian ad litem need be appointed for such person unless the Court determines that the interests of justice requires such appointment; or unless a statute applicable to such suit expressly requires an answer to be filed by a guardian ad litem. The Court may, in its discretion, appoint the attorney of record for the person under a disability as his guardian ad litem, in which event the attorney shall perform all the duties and functions of guardian ad litem.

Any judgment or decree rendered by any Court against a person under a disability without a guardian ad litem, but in compliance with the provisions of this subsection B, shall be as valid as if the guardian ad litem had been appointed. (Emphasis added).

It is settled in Virginia that the requirement of the appointment of a guardian ad litem for a party defendant under disability is jurisdictional and not procedural. It can only be waived under the exception provided in Code § 8.01-9(B), supra. Thus, a personal judgment rendered against an infant for whom it does not affirmatively appear of record that a guardian ad litem had been appointed was held to be void. See Moses v. Akers, 203 Va. 130 (1961).

An examination of § 8.01-9, supra, shows by comparison that it combines former Code §§ 8-88 and 8-88.1 and that former § 8-88 has been expanded to include all persons under a disability (as defined in

Code § 8.01-2) whenever such persons are party defendants to litigation. Code § 8.01-2(6) defines "person under a disability" to include "a person convicted of a felony during the period he is confined". It must follow that a personal judgment rendered against "a person convicted of a felony during the period he is confined" for whom the record does not show that a guardian ad litem has been appointed to protect his interests would be void and the instant suit could not have been maintained in the absence of the appointment of a guardian ad litem. In this light, it can be said that the expense of such an appointment was incurred for the benefit of and should be borne by the plaintiff.

As stated previously, the Court has been unable to find any Virginia cases dealing directly with the issue of the liability for the compensation of a guardian ad litem of an indigent convict in a civil suit. However, there are several cases dealing with the compensation of a guardian ad litem for infant defendants. See Pettus v. Hendricks, 113 Va. 326 (1912); Patterson v. Old Dominion Trust Company, 157 Va. 763 (1931); and, Austin v. Dobbins, 219 Va. 930 (1979). These cases may be summarized as holding that, where the party under disability has an estate, the expense of the compensation for the guardian ad litem should be borne by the estate, or, if there be no estate, but such litigation involves or creates a common fund which is available or enures to the benefit of all concerned, the Courts may properly assess the fee against the common fund. Such cases are enlightening but of little assistance to the Court in the instant case.

Here, the defendant under disability is a convicted felon confined in a correctional institution of the State, who is indigent and has no estate. This Court must decide if the guardian ad litem's fee should be taxed as costs in this proceeding and who should be responsible for its payment.

When the issue was raised at the conclusion of the trial in this matter on September 25, 1979, the

plaintiff's counsel argued that, as the prevailing party, the plaintiff was entitled to recover his costs (taxable) expended in the litigation from the unsuccessful defendant. There is no dispute that this is a correct statement of the general rule applicable to such cases. However, before a successful party can recover his taxable costs, it must be shown that he has paid or incurred liability for such costs and the rule must be interpreted in light of the fact that the statutes cited made the appointment of the guardian ad litem necessary in order to protect the validity of the judgment awarded the plaintiff.

In actions at law, as distinguished from suits in equity, the right to recover costs exists only by virtue of statutory authority or Rule of Court authorized by statute. In equity proceedings, unless controlled by express statute or Rules of Court, the allowance and imposition of costs rests in the sound discretion of the chancellor according to the facts and circumstances of each particular case.

In 30 ALR 2d 1151 (1953), there is found an annotation, entitled "Allowance of fees for guardian ad litem appointed for infant defendant, as costs", containing a collection of cases from other jurisdictions that have dealt with the issues of whether and under what circumstances the compensation or fee of a guardian ad litem may be taxed as part of the statutory costs of suit and the particular person or legal entity against whom such an allowance may be charged. In discussing the taxation as costs of the fee of the guardian ad litem against the complainant or plaintiff the following statement is found at page 1154:

> Taxation as costs of the fee of a guardian ad litem for minor defendants has frequently been made against the plaintiff or complainant. Where the action is at law and the plaintiff was the losing party, this is entirely logical. There are, however, not infrequent instances in which the taxation has been against a successful plaintiff. This result may be justified . . . [on] the

theory that since the suit could not have been maintained in the absence of an appointment of a guardian ad litem, the expenses of such appointment were incurred for the benefit of the complainant, and the circumstance that the latter was successful in the litigation is immaterial. See also St. Paul Insurance Company v. Carlyle, 428 S.W.2d 753 (Mo. App. 1968).

This rule has been followed by a line of Texas cases dating back to 1887 and affirmed most recently in Bruni v. Vidaurri, 140 Texas 138, 166 S.W.2d 81 (1942). The statute law in Texas was similar to the Virginia statute in that it permitted the guardian ad litem's fee to be taxed as costs. In Bruni, as in the instant case, the defendants were without any funds or estate from which the guardian ad litem's fee could be paid. The Texas court assessed the guardian's fee against the successful plaintiff and set forth the general rule as follows:

> The general rule is that the fee for representing a minor defendant should be taxed against the minor personally served with the citation when the judgment in the cause is unfavorable to him and it is shown that he has property out of which the fee can be collected, but that when the minor has no property or estate out of which the fee can be collected, the court should charge it against the successful plaintiff. The fee is allowed as compensation for services rendered the minor but is authorized to be taxed as a part of the costs of suit and is deemed costs incurred by the plaintiff within the meaning of the statute. Bruni v. Vidaurri, supra, at page 96 (emphasis added).

In the case before the Court, it is undisputed that Mr. Oxenham, as guardian ad litem for the convict defendant, has rendered competent and valuable service to his client as well as to the Court in the prosecu-

tion of the suit. The case was tried before a jury and consumed the better part of one day and it entailed the usual preparation necessary before the trial, i.e., investigation, legal research and drafting of instructions. This Court feels that he is entitled to reasonable compensation for such services.

In disposing of the issues raised, this Court is of the opinion that the general rule set forth in Bruni v. Vidaurri, supra, is consistent with the Virginia statute allowing the guardian ad litem's fee to be taxed as costs and the Court so holds. Since the defendant is without funds or an estate from which it could be paid, the Court will allow a fee of $250.00 to Mr. Oxenham for his services as guardian ad litem and assess the payment thereof against the plaintiff.