168

## CIRCUIT COURT OF FAIRFAX COUNTY

Infant C.

v.

Boy Scouts of America et al.

February 26, 1991

Case No. (Law) 80192

By JUDGE RICHARD J. JAMBORSKY

On August 24, 1990, the Court heard arguments from counsel for Infant C. (plaintiff), National Capitol Area Council - Boy Scouts of America, Inc. (NCAC), and Carlton L. Bittenbender (defendant) regarding the payment of the fees and expenses incurred by the guardian ad litem and predecessor guardian ad litem for the defendant. The Court took the matter under advisement and now holds: (1) that the plaintiff is required to pay the costs incurred in the trial court for the claims dismissed as to the defendant, which dismissal was reversed on appeal, as a precondition to proceeding to a new trial against the defendant on Count IV of the Motion for Judgment; (2) that NCAC cannot be found liable for all costs incurred with respect to the defendant. NCAC was not and cannot be found jointly and severally liable for the injuries sustained by the plaintiff.

As a preliminary matter, the Court is mindful of the harsh result that the law dictates in this matter. Unfortunately, the Court is unable to come to any other conclusion after a thorough and exhausting review of the applicable statutes and case law.

On appeal, the Virginia Supreme Court reversed the trial court's decision to strike the evidence as to Count IV of the plaintiff's Motion for Judgment. The Supreme Court concluded that the plaintiff's evidence conformed to the allegations of willful and wanton negligence on the part of the defendant. In reversing and remanding the case to the trial court, the Supreme Court held that:

> [r]eversal of the judgment in Bittenbender's favor will have no effect on the quantum of fees awarded to his guardian *ad litem* but renders moot the trial court's assessment of those fees against the plaintiff. The trial court may allocate those fees, and any additional fees incurred on remand, based upon the final result.

*Infant C. v. Boy Scouts of America, Inc.*, 239 Va. 572, 584, 391 S.E.2d 322, 329 (1990). In effect, the Supreme Court's ruling opened the door to a new trial on Count IV of the plaintiff's Motion for Judgment.

Under § 14.1-188 of the Code of Virginia, "[t]he party to whom a new trial is granted shall, prior to such new trial, pay the costs of the former trial . . . ." Va. Code Ann. § 14.1-188 (1989). The purpose of this provision is twofold. First, the plaintiff's payment of the costs incurred in the prior action is a condition precedent to a new trial. Although the requirement can be waived by the opposite party. *Haupt v. Tebault*, 94 Va. 184, 185, 26 S.E. 406, 406 (1897) (citing *Central Land Co. v. Obenchain*, 92 Va. 130, 22 S.E. 876 (1895)). Second, the provision effectively guarantees the prompt payment of costs. *Id.* Therefore, the burden is on the plaintiff to pay the costs of the prior proceedings in order to proceed to a new trial. *Southern Ry. Co. v. Hansbrough*, 107 Va. 733, 736, 60 S.E. 58, 60 (1908).

At an initial glance, the Supreme Court's holding might seem to be inconsistent with § 14.1-188. However,

the final determination of who is to pay the fees of the guardians ad litem will depend ultimately on which party, plaintiff or defendant, prevails at the new trial. Therefore, the Supreme Court could not affirm the assessment of those fees against the plaintiff. In an attempt to render § 14.1-188 meaningful, the plaintiff should be required to pay the costs of the prior trial in order to proceed with a new trial.

In Virginia, those individuals whose negligent acts contribute proximately to a tortious injury are jointly and severally liable to the injured party. "[W]here the separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person and it is impossible to determine in what proportion each contributed to the injury, either or both are responsible for the whole injury." *Murray v. Smithson*, 187 Va. 759, 764, 48 S.E.2d 239, 241 (1948) (citing *Luck v. Rice*, 182 Va. 373, 29 S.E.2d 238 (1944); *Lavenstein v. Maile*, 146 Va. 789, 798, 132 S.E. 844, 847 (1926), and cases cited). *See, Dickenson v. Tabb*, 208 Va. 184, 192-93, 156 S.E.2d 795, 801-02 (1967); *Maroulis v. Elliott*, 207 Va. 503, 511, 151 S.E.2d 339, 345 (1966).

An injured party may choose to proceed against one wrongdoer, some wrongdoers, or all the wrongdoers in a single action. The injured party, having pursued the action against some or all of the wrongdoers, may thereafter abandon it as to some and continue it with respect to the others. In the alternative, the injured party may bring separate suits against the wrongdoers. *Fitzgerald v. Campbell*, 131 Va. 486, 489-91, 109 S.E. 308, 309-10 (1921).

> The rule laid down by that eminent jurist (Chief Justice Kent, of New York) and which has been since generally followed in this country is, that the party injured may bring separate suits against the wrongdoers, and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received.

*Id.*, 131 Va. at 490, 109 S.E. at 309 (quoting 1 Cooley on Torts 232 (3rd ed.)).

Where an injured party proceeds against some or all of the wrongdoers jointly, the jury should return a joint verdict against those parties found guilty. "Whatever the decisions elsewhere, the true rule in this jurisdiction is that, with one exception (where no harm is done a defendant), in an action against several for a single wrong, the verdict should be a joint one against all found guilty." *Kelly v. Schneller*, 148 Va. 573, 581, 139 S.E. 275, 278 (1927) (citing Burks' Pleading and Practice 536; *Southern Ry. Co. v. Fitzpatrick*, 129 Va. 246, 105 S.E. 663 (1921)).

> Thus, when an action is against several joint tortfeasors, if the finding is against all of them, the verdict should be a single verdict against all for a single sum and not a several verdict against each defendant either in the same or separate sums; there can be no apportionment of damages as between defendants jointly liable in such a case.

*Freeman v. Sproles*, 204 Va. 353, 357-58, 131 S.E.2d 410, 413 (1963) (quoting 108 A.L.R. 793, 794 (1937)). In the present case, the effect of a joint verdict for the plaintiff is that each defendant found guilty of negligence would have been liable in their own capacity for the entire amount of the judgment. In the same respect, each defendant found guilty would have been liable for the costs of the action.

In contrast, an injured party is entitled to proceed against the wrongdoers individually in separate suits and obtain separate verdicts against wrongdoers jointly liable. *Town of Waynesboro v. Wiseman*, 163 Va. 778, 781-82, 177 S.E. 224, 225-26 (1934); *Fitzgerald v. Campbell*, 131 Va. at 489-91, 109 S.E. at 309-10. *See also* Va. Code Ann. Section 8.01-443 (1984). The caveat is that the injured party may seek to satisfy only one of the judgments. The injured party's acceptance of one of the judgments as full satisfaction for the injury discharges all judgments or causes of action against other joint wrongdoers. *Fitzgerald v. Campbell*, 131 Va. at 490, 109 S.E. at 309-10. The only exception to this rule is that a joint wrongdoer may be liable for the costs in their particular suit. *Id.*

The revisers' note states that "[s]ection 8.01-443 changes the former law so that discharge of all joint tortfeasors, *except as to costs*, occurs only when one of multiple judgments has been fully satisfied and has been accepted as such by the plaintiff." Va. Code Ann. § 8.01-443 (emphasis added).

> It is well settled that where there has been an acceptance of satisfaction of a judgment recovered, it has the same effect as a release. It operates to extinguish a plaintiff's cause of action against other joint tortfeasors liable for the same injury and bars an action against them though the wrongdoers are severally rather than jointly liable for the injury.

*Powell v. Troland*, 212 Va. 205, 214, 183 S.E.2d 184, 190 (1971) (citing 27 A.L.R. 805 (1923)).

In the Motion for Judgment and the Amended Motion for Judgment, the plaintiff alleged that the negligent acts respectively of the Boy Scouts of America, Inc., NCAC, and the defendant contributed proximately to the injury suffered by Infant C. In the prayer for relief, the plaintiff sought compensatory damages of $15,000,000.00, punitive damages of $15,000,000.00, reasonable attorneys' fees, costs, and interest from the Boy Scouts of America, Inc., NCAC, and the defendant jointly and severally.

In striking the plaintiff's case as to the defendant, the Court effectively nullified the plaintiff's pursuit of a joint verdict against the Boy Scouts of America, Inc., NCAC, and the defendant. The Boy Scouts of America, Inc., were exonerated by the jury. The jury found NCAC guilty of negligence and awarded the plaintiff $45,000.00.

At this stage of the proceedings, the plaintiff has two foreseeable routes to pursue. First, the plaintiff can execute on the judgment against NCAC. If he does so, the defendant's potential liability to the plaintiff is discharged. The disadvantage is that the plaintiff would recover approximately $7,000.00 as compensation for his injuries (NCAC judgment, $45,000.00, minus guardian ad litem fees, $37,273.90, equals $7,726.10).

Second, the plaintiff can postpone execution on the judgment against NCAC and proceed to trial against

the defendant. Assuming a verdict and award for the plaintiff, he would be entitled to execute on one of the two judgments. If the plaintiff executes on the judgment against NCAC, the defendant's liability would be nullified except as to the costs of the suit. However, the plaintiff, even as a prevailing party, would then be liable for the fees and expenses of the guardians ad litem since they would be taxed as costs of the proceedings.

Under § 8.01-9 of the Code of Virginia, the Court may award reasonable compensation and actual expenses to a guardian ad litem who has rendered substantial services in representing a person under a disability (PUD). Va. Code Ann. § 8.01-9(A) (1984). The guardian ad litem may look to the estate of the PUD for this compensation. But, if the estate of the PUD is inadequate, these fees and expenses are to be taxed as costs of the proceedings. *Id.*

In the present case, the defendant is a convicted felon. He is presently incarcerated and serving a lengthy sentence in a correctional facility of the State. A convicted felon who is confined at the time of a pending suit is defined as a PUD. Va. Code Ann. § 8.01-2(6)(a) (Supp. 1990). The Court has appointed two attorneys, Jack A. Robbins, Jr., and Mark Yeager, at different times to serve as the guardian ad litem for the defendant. In their capacity as the guardian ad litem for the defendant, the attorneys incurred fees and expenses in the total amount of $37,273.90. The Court found that the attorneys had rendered substantial services and that their fees and actual expenses were reasonable.

Pursuant to § 8.01-9, the attorneys may look to the PUD's estate for compensation for their services. In this case, the defendant's estate is insufficient to compensate the attorneys. As a result, the attorneys' fees and expenses are appropriately taxed as costs of the proceedings. Va. Code Ann. § 8.01-9(A).

The defendant substantially prevailed when the Court struck Counts IV through VI of the plaintiff's Motion for Judgment. Under § 14.1-178 of the Code of Virginia, a defendant for whom a final judgment is given shall recover his costs against the opposite party in the proceedings. Va. Code Ann. § 14.1-178 (1989). Therefore, the plaintiff is responsible for the costs of the proceedings with respect to the defendant.

If the jury finds the defendant guilty of negligence, the plaintiff would still be liable for the fees and expenses of the guardians ad litem as costs of the suit. This conclusion assumes that the plaintiff sued only the defendant and obtained a judgment, or that the jury found only the defendant guilty of negligence at the trial. Under either scenario, the plaintiff would be responsible for the payment of costs because the defendant's estate is insufficient to pay either a judgment or the costs of the proceedings. Costs would include the fees and expenses incurred by the defendant's guardians ad litem.

In *Englehart v. Green*, the trial court adopted the Texas Supreme Court's holding in *Bruni v. Viduarri* after noting the lack of authority on this issue in Virginia.

> The general rule is that the fee for representing a minor defendant should be taxed against the minor personally served with the citation when the judgment in the cause is unfavorable to him and it is shown that he has property out of which the fee can be collected, but that when the minor has no property or estate out of which the fee can be collected, *the court should charge it against the successful plaintiff.* The fee is allowed as compensation for services rendered the minor but is authorized to be taxed as a part of the costs of suit and is deemed costs incurred by the plaintiff within the meaning of the statute.

*Englehart v. Green*, 2 Va. Cir. 5, 11 (1980) (quoting *Bruni v. Viduarri*, 140 Texas 138, 166 S.W.2d 81, 96 (1942)). The primary purpose behind imposing the cost on the plaintiff is that "the appointment of the guardian ad litem [is] necessary in order to protect the validity of the judgment awarded the [P]laintiff." *Id.* at 10. It is simply a burden the plaintiff must bear in bringing the suit.

If the plaintiff executes on the judgment against the defendant, NCAC's liability would be nullified except as to costs of its suit. The disadvantage is that the plaintiff would still end up compensating the attorneys who served as the guardian ad litem because the defendant has insufficient funds to compensate them. Additionally,

the guardian ad litem's fees are surely going to increase as the result of a new trial.

In either instance, both the plaintiff's execution on the judgment against NCAC or the prosecution of Count IV of his Motion for Judgment against the defendant works adversely to his interests. After extensive research and analysis, the Court is unable to come to any other conclusion. The current situation reflects perhaps an inherent inequity in the system. Indeed, § 8.01-443 may be dispositive on the issue. Section 8.01-443 provides that if "[parties-defendant are] sued jointly, [the plaintiff] may proceed to judgment against them *successively* until judgment has been rendered against, or the cause has been otherwise disposed of as to, all of the defendants . . . ." Va. Code Ann. § 8.01-443 (emphasis added). It can be argued that this section effectively contemplates a situation in which individual judgments are rendered in successive trials against defendants who initially were sued jointly.

For the foregoing reasons, the Court holds that the plaintiff is required to pay the costs incurred in the trial court for the claims dismissed as to the defendant as a precondition to proceeding to a new trial against the defendant on Count IV of the Motion for Judgment. Costs necessarily include the fees of the guardian ad litem and predecessor guardian ad litem for the defendant. Additionally, the Court finds that NCAC cannot be found liable for all costs incurred with respect to the defendant. NCAC was not and cannot be found jointly and severally liable for the injuries sustained by the plaintiff.