## GOLDING et al. *vs.* HALL.

1. In trespass, where defendants sever in their pleadings, and separate verdicts are found against them, the judgment must correspond with the verdict.

2. And plaintiff must elect against which of the defendants he will have execution, as he can have but one satisfaction, and the other defendants will be discharged from all liability, except for costs, by the payment of the damages of the one against whom plaintiff elects to proceed.

3. Where a plaintiff remits damages as to some of the defendants, judgment cannot be entered up against them, for damages found against a co-defendant.

Error to Talladega Circuit court.

Trespass, *quare clausum fregit.*

This was an action of trespass, *quare clausum fregit,* brought by the defendant in error, against the plaintiff in error, and eight others. The defendants pleaded severally, not guilty. The jury found the plaintiff, Reuben Golding, guilty, and assessed the damages to fifty dollars: six others were found guilty, and the damages assessed to six and a fourth cents, each; and two were found not guilty. The plaintiff below remitted the damages as to the six defendants who were assessed at six and a fourth cents each, and the court rendered judgment against all the defendants who were found guilty for the sum of fifty dollars, besides costs.

The error assigned is—

That the court erred in rendering judgment against all the defendants for fifty dollars and costs.

9 P                 22

*Chilton,* for plaintiffs in error.

ORMOND, J.—The judgment of the court below, in this case, cannot be supported.

In an action of trespass, where defendants sever in their pleadings, and separate verdicts are found against them, the judgment must correspond with the verdict, and the plaintiff must elect against which of the defendants he will have execution, as he can have but one satisfaction ; and the other defendants will be entirely discharged, by the payment of the damages of the one against whom the plaintiff elects to proceed, from all liability, except for costs.

In this case, the plaintiff having remitted the damages as to six of the defendants, there can be no more reason for entering judgment against them for the damages found against the other defendant, than there would be for entering it against those who were found not guilty.

For this error, therefore, the judgment of the court below is reversed, and judgment rendered in this court against Reuben Golding for the damages assessed by the jury, and against all the defendants who were found guilty in the court below, for the costs of that court.