# BLANN vs. CROCHERON.

1. When two persons jointly commit a trespass, the injured party may sue them severally; yet he can have but one satisfaction, and when separate judgments are recovered he must elect on which recovery he will seek it.

2. A plea setting forth a former recovery against a co-trespasser, and a voluntary payment of the damages and cost to the clerk in open court, by the defendant in that judgment, without averring that the plaintiff accepted such payment in satisfaction of his recovery, is bad on demurrer.

3. When the injured party has severally sued two or more joint trespassers, and recovered separate judgments against them, his right to elect *de melioribus damnis* is not determined, until he sues out execution, or accepts satisfaction of one of the judgments.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. Robert Dougherty.

GEORGE W. GAYLE, for plaintiff in error.

BYRD, *contra.*

LIGON, J.—The plaintiff sued the defendant in trespass, and it appears from the record that he had also brought suit, and recovered judgment against one Quartermas for the same trespass, in a separate action; but it no where is shown that execution was sued out by the plaintiff to enforce the collection of his judgment against Quartermas. It further appears that the amount of that recovery, both as to damages and cost, had been paid to the clerk of the Circuit Court in which it was had, before the trial of this cause in the court below; and the defendant pleaded *puis darrein continuance,* "that since the bringing of the action in this case, the plaintiff has received full satisfaction of the trespass complained of in this suit, by a judgment against Isaiah Quartermas, the constable, a joint trespasser, which judgment has been satisfied in full by payment of the amount of the judgment, and the costs in said case, to the clerk of the court in open court."

To this plea a demurrer was interposed by the plaintiff, which was overruled by the court.

When this case was here at the last term of this court, it was held, that the plaintiff might sue the joint trespassers severally, and have several recoveries, but could receive but

one satisfaction for the injury done; "that a recovery against one, without a satisfaction of that recovery, would form no bar to his proceeding to judgment against the other. And having judgment against both, the plaintiff might then elect *de melioribus damnis*, and issue his execution against one, which would amount to a determination of his right to elect, and preclude him from proceeding against the other, except for cost."

Since that time it appears, that the co-trespasser, against whom the plaintiff had recovered his judgment, has voluntarily paid the damages and costs to the clerk, and this is pleaded as an estoppel in this action.

The only question presented for our consideration is, does the payment to the clerk, without instructions from the plaintiff to him to receive the money paid as a satisfaction of the judgment against Quartermas, determine the election of the plaintiff, and estop him from further proceedings against the defendant? Or, in other words, can the clerk and the defendant in the judgment make the election for the plaintiff, without his authority, and, as far as we are advised by the record, against his will? We think the clerk has no such power, and as the plaintiff was entirely passive, refusing to issue execution against Quartermas, his right can be in no wise affected by the acts of that individual and the clerk, unless it is averred and shown, that such acts were done with his sanction and by his authority. Were the law otherwise, it would enable joint trespassers, who were sued separately, to hasten the trial of the one least guilty among them, and by satisfying, in the clerk's office, the damages and costs adjudged against him, to free themselves from all responsibility for their own greater guilt. In fact, it would change the rule of law, which gives the right of election in such cases to the plaintiff, and bestow it upon the defendant.

To determine the plaintiff's right to elect, *he must act*. Were he to order execution to issue on the judgment in his favor; or, in case of payment to the clerk, as in this case, were he to accept the money, his election would be considered as having been made; and it might be specially pleaded by a co-trespasser, against whom a suit was then pending, as an estoppel. But to make the plea good, it should aver that

the sum so paid in satisfaction *was accepted by the plaintiff as such.* The plea in this case lacks that averment, and is consequently bad on demurrer.

For the error of the court below, in overruling the plaintiff's demurrer to the defendant's plea *puis darrein continuance,* the judgment must be reversed, and the cause remanded.