(105 So. 177)

### KAPLAN v. POTERA et al.    (6 Div. 305.)

(Supreme Court of Alabama. , June 11, 1925.)

**1. Execution ⊙⟿60—Statute held not to deprive owner of judgment of right to direct execution not to issue thereon.**

Act 1915, p. 270, amending Code 1907, §§ 4079 and 4080, providing that, unless otherwise directed, clerk must issue execution on all judgments in favor of successful party as soon after time prescribed therefor as is practicable, held not to deprive owner of a judgment taken April 28, 1924, of right to direct that execution should not issue thereon; Code 1923, § 7795, being inapplicable.

**2. Judgment ⊙⟿138(1)—Averments held insufficient to justify setting aside of default judgment.**

Default judgment would not be set aside on averments which did not show that suit was improperly brought, or that notice or process was not served on defendant, or that no attorney for defendant appeared; averment that summons and complaint was lost or mislaid by reason of no fraud, accident, or mistake attributable to plaintiff in judgment not being sufficient.

**3. Execution ⊙⟿60 — Judgment ⊙⟿800(1) — Owner of judgment might issue execution at any time within law or release lien by agreement or operation of law.**

Plaintiff who filed his judgment in fixing a lien on defendant's property, subject to levy under execution, had right, as owner of judgment, to issue execution at any time within the law or to release his lien by agreement or operation of law.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Harry Kaplan against Joe Potera and others. From a decree on demurrer, complainant appeals. Affirmed.

The bill alleges that on December 30, 1923, respondent interposed a claim against complainant for $74, for damages sustained to his automobile, resulting from a collision participated in by the cars of Potera and complainant; that complainant's attorney (who was representing both the complainant and an insurance company, by which complainant was protected against loss by automobile collision) negotiated with Potera and his attorney (one of the respondents) for a settlement of the claim; that an offer was made by complainant's attorney to Potera's attorney, who agreed to submit the same to his client, after which nothing further was said about a settlement; that thereafter Potera, through his said attorney, filed suit in the circuit court for $1,000 on account of the said automobile accident; that the papers in such suit served upon complainant were by him turned over to an agent (other than his attorney) for the insurance company; that

complainant heard nothing further about the suit until after August 28, 1924; that on April 28, 1924, Potera, through his attorney, obtained judgment by default against complainant and proved damages of $225.

It is further averred that Potera's attorney gave instructions to the clerk of the circuit court not to issue execution on such judgment for four months and one day, with intent to violate and cause the clerk to violate section 7795 of the Code of 1923, requiring the issue of execution within ten days after rendition, and with the further intent to prevent complainant, or the attorney representing both complainant and the insurance company, from knowing of such default judgment and moving to set aside, and that Potera's attorney stated to complainant's attorney that the mentioned instructions had been so given and for the purpose alleged, and refused to agree that said judgment be set aside or reduced. It is further averred that complainant had a meritorious defense to said suit, which he was prevented from making by reason of accident, mistake, or fraud, and that Potera and his attorney conspired together to obtain said judgment for an excessive amount and deprive complainant of his right to move to set the same aside.

The prayer is for an order vacating the judgment at law, and for an order restraining the sheriff, a party respondent, from enforcing execution thereon, pending final disposition of the case.

From a decree sustaining demurrer to the bill, complainant prosecutes this appeal.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellant.

The facts alleged in the bill make a clear case for relief. Collier v. Falk, 66 Ala. 223; Renfro Bros. v. Merryman & Co., 71 Ala. 197; Nat. Fertz Co. v. Hinson, 103 Ala. 536, 15 So. 844. The act of an attorney in conspiring with a court official to delay execution upon default judgment and prevent defendant from acquiring knowledge thereof amounts to fraud. Lawrence v. Williams, 179 Ala. 601, 60 So. 889; Hall v. Santangelo, 178 Ala. 457, 60 So. 168; Broom's Legal Maxims, 130; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Code 1923, § 7795. Accidental loss of papers in a cause is an accident within the meaning of the statute. Code 1923, § 9521; Nor. Disp. Trustees v. Merriam, 59 How. Prac. (N. Y.) 226.

Lange & Simpson, of Birmingham, for appellees.

Acts 1919, p. 270, did not deprive the owner of a judgment of the right to direct whether or not, execution issue thereon. Douglas v. Badger State Mine, 41 Wash. 266, 83 P. 178, 4 L. R. A. (N. S.) 196; Sloss Co. v.

Yancey, 201 Ala. 200, 77 So. 726; Arthur v. Driver, 60 Tex. Civ. App. 100, 127 S. W. 891; Fitzgerald v. Campbell, 131 Va. 486, 109 S. E. 308, 27 L. R. A. 805; Blann v. Crocheron, 20 Ala. 320. Complainant must show that, had he been permitted to file motion for a new trial, he would have shown cause for vacation of the judgment. De Soto Co. v. Hill, 188 Ala. 667, 65 So. 988; Id., 194 Ala. 537, 69 So. 948; Code 1923, § 9521; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Rule 34, 175 Ala. xxi.

THOMAS, J. The appeal is from a decree sustaining demurrer to the bill.

[1] Acts 1915, p. 270, amending sections 4079 and 4080 of the Code of 1907, prescribed that, unless otherwise directed, the clerk must issue execution on all judgments in favor of the successful party as soon after the time prescribed for the issuance of said execution by law as is practicable, and did not deprive the owner of a judgment of the right to direct that execution not issue thereon. 23 Cyc. 1427; 34 C. J. 658. The words "unless otherwise directed," according to Judge Stone, had reference to a judgment which on its face directed a stay of execution, or where the plaintiff in judgment, or the owner thereof or his attorney of record, directed to the clerk not to issue execution within the time prescribed. Davidson v. Wiley, 31 Ala. 452. Such of necessity is the true interpretation of the statute obtaining as to the respective rights of the parties to the judgment. The dictum in Henderson v. Planters' & Merchants' Bank of Ozark, 178 Ala. 420, 59 So. 493, is to the contrary.

The construction of the statute given by Judge Stone finds analogy in Golding v. Hall, 9 Port. 169, declaring, in an action in trespass, where defendants severed their pleadings and separate verdicts were had, that the plaintiff must elect against which of defendants he will have execution, as he can have but one satisfaction, and the other defendants will be entirely discharged by the payment of the damages by the one against whom the plaintiff elects to proceed. And in Blann v. Crocheron, 20 Ala.' 320, where the injured party has recovered separate judgments against defendants, it is held the right to elect against whom to proceed is exercised and determined by his suing out execution or acceptance of satisfaction from one of the judgments. So also is there analogy contained in the reason for the rule that the acceptance of satisfaction of a judgment against one of joint tort-feasors is a bar to further proceedings against the other tort-feasors, except for costs. Jones v. Russell, 206 Ala. 215, 89 So. 660; McCoy v. L. & N. R. Co., 146 Ala. 333, 40 So. 106; Vandiver v. Pollak, 107 Ala. 551, 19 So. 180, 54 Am. St. Rep. 118; Thompson v. Lassiter,

86 Ala. 536, 6 So. 33; Fitzgerald v. Campbell, 131 Va. 486, 109 S. E. 308, 27 A. L. R. 810, 812, 819; and Hudson Trust Co. v. Elliott, 194 Ala. 441, 69 So. 631, holding that the judgment creditor, having fixed his lien on the property of the party primarily liable, and sufficient for the satisfaction, is not permitted (in equity) to' prohibit execution on the judgment to prevent collection from such primary liability, and thereafter collect from him who is secondarily liable. The foregoing authorities are sufficient to show there was the field of operation for the statute as stated by Judge Stone.

[2, 3] The averments of the bill do not show that the suit was improperly brought, or that notice or process was not served on the defendant, that no attorney for defendant appeared, and the averment that the insurance company lost or mislaid the summons and complaint by reason of no fraud, accident, or mistake, attributable to the plaintiff in judgment, is not sufficient. When the case was called, no rule of practice or of law prevented the judgment with the writ of inquiry duly executed. The plaintiff in the suit at law, appellee here, by attorney, had the right, within the law, to allow execution to issue on the judgment or to stay the same, to file his judgment, as provided by law, and perfect a judgment lien. Having taken the latter course in fixing a lien on defendant's properties subject to levy under execution, plaintiff had the right, as the owner of the judgment, to issue execution at any time within the law obtaining in the premises, or to release his lien by agreement or operation of law. Morris et al. v. Waldrop et al. (Ala. Sup.) 105 So. 172.[1] The latter observation is not prompted by the instant pleading, but is merely adverted to as an analogy or reason for the construction given the statute of force when the judgment was obtained and the exercise of the right of ownership over the judgment of which complaint is made.

The judgment is averred to have been taken on April 28, 1924. The Code of 1923, with its section 7795, was effective on and after August 17, 1924. Thus Act August 9, 1915, p. 270, was the rule in the premises. The latter uses the words "unless otherwise directed," rather than the words of section 7795, "unless otherwise directed by the court or the judge presiding at the trial of the cause." The right of the stay of execution is not presented under the Code of 1923, and we are not called upon to say whether this latter provision had application in such a case as made by the bill, or only to cases or emergencies where the immediate right of the issue of execution is given a plaintiff in judgment, or whether the words "must issue" mean when the clerk is requested by the owner of the judgment. We express no

_____
[1] Post p. 435.

opinion as to the right, if such is the effect of the last statute, to take from the owner of the judgment its direction and control within the law, and invest the same in the court or its presiding judge. See Fitzgerald v. Campbell, 131 Va. 486, 109 S. E. 308, 27 A. L. R. 805.

The bill makes no case of fiduciary relation or trust and confidence that had existed between the parties and been breached. The authorities on the phase of vacation in chancery of judgment at law were considered in De Soto Coal, M. & D. Co. v. Hill, 188 Ala. 667, 65 So. 988; Id., 194 Ala. 537, 69 So. 948. No case is made within the rule there declared.

The four months' statute was merely cumulative and concurrent with the rule prevailing in equity as to remedy. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Id., 176 Ala. 287, 58 So. 262; Todd v. Leslie, 171 Ala. 624, 55 So. 174. See, also, Sims v. Riggins, 201 Ala. 99, 77 So. 393, and Hogan v. Scott, 186 Ala. 310, 65 So. 209. Complainant now has a hearing on the bill as presented in equity. And his averments are not sufficient to make a case for relief on the ground of fraud, accident, or mistake as those terms have been defined. It is not averred that the plaintiff's recoverable damage for the injury done his property and his person was less than the recovery on writ of inquiry. Paragraph 10 of the bill in the averment, "except to say that he [defendant, Potera] was nervous after the accident," under the imputations of pleading challenged by demurrer, showed other than property damage.

The foregoing is sufficient to show the decree of the circuit court, in equity, was free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.