(106 So. 919)

Joe JUDKINS v. STATE. (5 Div. 546.) (Court of Appeals of Alabama. Dec. 15, 1925.) Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge. Assault to ravish. Felix L. Smith, Jr., of Rockford, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. There is no judgment in the record. The appeal is dismissed.

---

(106 So. 919)

Harry KAPLAN v. Joe PORTERA. (6 Div. 716.) (Court of Appeals of Alabama. Nov. 27, 1925.) Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.
See, also, 213 Ala. 334, 105 So. 177.

---

(105 So. 924)

John KEIL v. STATE. (6 Div. 790.) (Court of Appeals of Alabama. Aug. 11, 1925.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. Pinkney Scott, of Bessemer, for appellant. Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

BRICKEN, P. J. This appellant was tried and convicted, in the lower court, for a violation of the prohibition laws. The undisputed evidence disclosed that the defendant was traveling in an automobile within the jurisdiction of the circuit court of the Bessemer division of the Tenth judicial circuit, and that he had in the car at the time about 35 gallons of whisky, which was contained in seven 5-gallon cans. An examination of the record convinces us that his conviction for the offense charged was proper, and without error. There is no merit in any of the exceptions reserved to the court's rulings upon the admission of the testimony, nor upon the pleadings. There being no error apparent on the record, the judgment of the lower court is affirmed. Affirmed.

---

(110 So. 922)

John KELLY v. STATE. (1 Div. 669.) (Court of Appeals of Alabama. Dec. 14, 1926.) Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge. Gordon & Edington, of Mobile, for appellant. Harwell G. Davis, Atty.

[1] 214 Ala. 507.

Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

BRICKEN, P. J. The jury returned a verdict of guilty as charged in the second count of the indictment, and defendant was so adjudged, and was duly sentenced to an indeterminate term of imprisonment in the penitentiary. The charge contained in the second count of the indictment was the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. The trial of this appellant in the court below proceeded throughout without an objection being interposed, or without the reservation of an exception. The point of decision involved upon this appeal is the sufficiency of the evidence to sustain the verdict of the jury and to support the judgment of conviction. This question is presented by the refusal of the affirmative charge, requested in writing by defendant. We have no hesitancy in deciding that the evidence in this case presented a jury question. It was in conflict, and that offered by the state was ample and sufficient, if believed under the required rules, to sustain the verdict of guilty as to the second count in the indictment, which verdict the jury rendered. No good purpose would be subserved in a recital of the evidence. No error appearing upon the trial of this case, the judgment of conviction appealed from will stand affirmed. Affirmed.

---

(108 So. 924)

W. C. KENDRICK v. STATE. (6 Div. 996.) (Court of Appeals of Alabama. April 22, 1926.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. Violating prohibition law.

PER CURIAM. Appeal dismissed.

---

(106 So. 919)

Will KENNEDY v. STATE. (5 Div. 585.) (Court of Appeals of Alabama. Dec. 15, 1925.) Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge. Assault to ravish. Thos. A. Curry, of Clanton, for appellant. Harwell G. Davis, Atty. Gen., for the State.

RICE, J. Reversed and remanded, on authority of Pumphrey v. State, 156 Ala. 103, 47 So. 156; Taylor v. State, 20 Ala. App. 161, 101 So. 160.