(119 So. 681)

**McDERMOTT v. SIBERT.** (7 Div. 795.)

Supreme Court of Alabama. Oct. 25, 1928.

Rehearing Denied Feb. 2, 1929.

Goodhue & Lusk, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellee.

GARDNER, J. Plaintiff, a young man 19 years of age, was severely injured in an automobile accident while riding in a car with two of his young friends who had come from Alabama to Kentucky to visit him, Bob Forman, 17, and Martin Sibert, 18 years of age. It was a roadster car with one seat. The top was fastened down and the three were on this one seat. The car had been given Bob by his father for his own use, but on this particular occasion Martin Sibert was driving, and had done much of the driving on the trip. Sibert had been over the road more than once be-

fore and was familiar with the car and its operation. The three had been to London, Ky., on pleasure, and were returning from that point on the way to Barbourville, where plaintiff resided when the accident occurred. It was 9 o'clock at night, the weather dry, and whether moonlight or not they do not recall. The road was paved, straight, and level for quite a distance, and the lights on the car were burning, enabling the driver to see an object in the road 100 yards ahead. The speed of the car was between 25 and 30 miles per hour. Another car was ahead traveling in the same direction, and it moved to the right as Sibert, who was driving, blew the horn as a signal that he wanted to pass. The paved road was slightly narrower than the ordinary road, and there were "shoulders" on each side on which grass and weeds grew. At the place of the accident a large rock was embedded in the "shoulder" of the road, hidden from view by the grass and weeds, a portion of which was above the surface. In passing, and about the time the roadster reached the side of the car ahead, it ran onto a loose rock in the paved road, "just about the size of a football," causing the car to swerve to the left, and as Sibert attempted to turn it back into the paved road, the front axle struck the large rock on the side, hidden from view, causing the roadster to upset. Plaintiff was seated on the extreme right, Bob Forman in the center, and defendant at the steering wheel on the left.

Defendant was awake and sober, and there is no evidence of any dissipation on the part of either of the three. Bob Forman was also awake at the time of the accident. He and defendant appear not to have been seriously injured. Plaintiff fell asleep soon after leaving London, and was so soundly asleep that he could recall nothing of the accident, only regaining consciousness afterwards in the hospital. His injuries were of a serious nature, and he evidently suffered much pain. He was thrown entirely clear of the car. The other two were not.

Plaintiff's suit against Sibert for damages rests upon alleged negligent operation of the car, to which Sibert pleaded the general issue and (in short by consent) contributory negligence on plaintiff's part. These two issues were submitted to a jury, resulting in a verdict for the defendant, and from the judgment following, plaintiff prosecutes this appeal.

Sibert cannot recall whether or not he saw the loose rock in the roadway, and plaintiff rests his case of negligence against him largely upon the theory that he should have observed the rock, or, if he did see it, should have avoided contact with it.

Under the rule recognized in this state, a jury question was presented, though taking into consideration that the car was not being run at an improper speed or otherwise improperly operated, and that the loose rock lying in the paved highway was struck about the time the roadster was parallel with the car it was passing, it must be conceded negligence on defendant's part was slight.

There seems to be some insistence of evidence tending to show subsequent negligence on defendant's part for failure to apply the brakes upon striking the loose rock. The roadster traveled less than twice its length, some 20 to 25 feet, after striking the loose rock before the large rock on the side was struck. The accident occurred in a moment of time, and defendant was not, of course, aware of the hidden rock on the side. "Just as quick as he could turn it away, * * * turn it, why it happened. * * * It would be hard to say if the car slackened its speed any from the time we hit the first bump until we hit the other one and turned over. * * * It seemed like it slackened some but it was all right there together, and was so sudden it would be hard to state exactly" —Bob Forman's testimony.

If there was any fault on the part of defendant in failing to apply the brakes (a question we need not consider), it clearly would constitute but a part of the initial negligence of defendant, and in no event does the evidence call for any application of the doctrine of subsequent negligence.

The trial court orally charged the jury upon the issue of contributory negligence, to which plaintiff reserved no exception, but defendant requested in writing charges directed to that issue, and the giving of these charges constitute the question of prime importance on this appeal.

It is the generally recognized rule that a person riding in an automobile driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury; that is, such care as an ordinarily prudent person would exercise under like circumstances. Note to Chesapeake, etc., Tel. Co. v. Merriken, 41 A. L. R. 764; note to Campion v. Eakle, 47 A. L. R. 289. Many of the cited cases are suits by the passenger against third persons, but, as said by this court in McGeever v. O'Bryne, 203 Ala. 266, 82 So. 508:

"It can make no difference in principle whether the suit is against a third person, or against him who negligently operates the car; and the duty of the passenger to observe due care under the circumstances for his own safety must be the same in either case."

The general rule, as above stated, was recognized and discussed in Birmingham Ry., L. & P. Co. v. Barranco, 203 Ala. 639, 84 So. 839, where it was said, speaking of the duty of due care on the part of the guest or passenger:

"The duty is therefore not original with respect to the operation of the vehicle, but resultant, and that only from known and appre-

ciated circumstances capable of bringing it into effect. * * * No fixed rule applicable to all cases can be formulated by which to determine when the duty stated arises, or what particular circumstances raise the duty, or what particular warning, protest, or action will suffice to manifest a discharge of the duty once it has arisen."

The case of Birmingham Southern R. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534, contains citations of authorities illustrating contributory negligence on the part of the occupant of a car driven by another, such as when the driver is known to be intoxicated, or incompetent, and driving recklessly, and the occupant fails to remonstrate but continues to ride. Numerous instances may be found also in the cases cited in the notes to 41 and 47 A. L. R., noted above.

In Central of Georgia Ry. Co. v. Jones, 195 Ala. 378, 70 So. 729, the pleas of contributory negligence attempted to charge plaintiff, the passenger, with duties primarily resting upon the driver of the vehicle, and in the discussion holding the pleas insufficient, the court said:

"Had the plaintiff known of the approach of the train and failed to warn the driver, who was unconscious of the danger, or had she discovered it in time to extricate herself and failed to do so, she could probably not recover under count 1."

Recognizing, therefore, that there are certain duties arising on the part of the occupant of the car under given circumstances, there are authorities also to the effect that the occupant cannot abandon the exercise of his own faculties and intrust his safety absolutely to the driver, regardless of the imminent danger or the visible lack of ordinary care on the part of the driver to avoid harm. Boland v. St. L.-S. F. Ry. Co. (Mo.) 284 S. W. 141; Shultz v. Old Colony St. Ry. Co., 193 Mass. 309, 79 N. E. 873, 8 L. R. A. (N. S.) 597, 118 Am. St. Rep. 502, 9 Ann. Cas. 402. From this latter case this court quoted with approval the following extract from the opinion:

"Applying this statement of the law to the present case, the result is that the plaintiff would not be entitled to recover if in the exercise of common prudence she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed in exercising due care for her own safety, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of the driver. She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself of her own negligence. What degree of care she should have exercised, in accepting the invitation to ride, or in observing and calling to the attention of the driver perils unnoticed by him, depends upon the circumstances at the time of the injury. On the other hand, she would be permitted to recover if, in entering and continuing in the conveyance, she acted with reasonable caution, and had no ground to suspect incompetency and no cause to anticipate

negligence on the part of the driver, and if the impending danger, although in part produced by the driver, was so sudden or of such a character as not to permit or require her to do any act for her own protection."

In Chesapeake, etc., Tel. Co. v. Merriken, 147 Md. 572, 128 A. 277, 41 A. L. R. 763, speaking on the question of contributory negligence on the part of the passenger of a car, the court said:

"The ingredients of contributory negligence do not differ in any respect from those of primary negligence; it is after all 'like primary negligence, relative and not absolute, and being relative it is dependent on the peculiar circumstances of each particular case.'"

In that case plaintiff was a passenger in the car, and the court held that the fact that plaintiff was asleep at the time of the accident did not as a matter of law establish contributory negligence on his part, but that it was a circumstance to be considered by the jury in connection with all other circumstances in the case.

In Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785, a case here very much in point, the holding was to like effect, the court concluding, upon similar facts, that "the issue was rightly submitted to the jury by the trial judge as one of fact." So, likewise, in Clarke v. Conn. Co., 83 Conn. 219, 76 A. 523, it was held that the question of plaintiff's contributory negligence was properly one for the jury. See, also, Farmers' Bank & Trust Co. v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646.

"One riding in an automobile is bound to use ordinary care for his own safety. If there should be evidence tending to show that he voluntarily became so intoxicated as to be unable for that reason to exercise ordinary care, and did so fail, and that by the use thereof he could have avoided the consequences to himself of the negligence of the driver, such question would be one for the jury, under proper instructions." Powell v. Berry, 145 Ga. 696, 89 S. E. 753, L. R. A. 1917A, 306.

"It is the undoubted rule that the invited passenger is not absolved from the duty to exercise reasonable care for his own safety. Whether he has done so under the circumstances shown and situation in which he is placed usually becomes a question of fact for the jury." June v. Grand Trunk West. Ry. Co., 232 Mich. 449, 205 N. W. 181.

Appellant insists that as a matter of law plaintiff's contributory negligence has not been shown, or, if so, that it proximately contributed in any degree to his injuries. The authorities herein noted disclose a uniformity of opinion that plaintiff was under duty to exercise due care for his own safety, and when the exercise thereof arises depends upon varying circumstances and conditions. ▮ The authorities are also to the effect (from one of which this court quoted with approval in McGeever v. O'Bryne, supra) that

674

the passenger cannot negligently abandon the exercise of his own faculties and trust entirely and absolutely to the care and vigilance of the driver, and then escape the exercise of due care when the occasion should arise. Moreover, the plaintiff in the instant case, sitting on the extreme right, with the top fastened down, abandoned himself to sound sleep, though so exposed to danger from being thrown from the car, and in such relaxed condition, the jury may find, had prevented any effort on his part to exercise care for his own safety, and the more serious injury to plaintiff, as compared to the lesser injuries to his companions, tends to illustrate the peril of such exposure.

Both upon the question of contributory negligence and proximate cause, we think the case was one for the jury and comes within the general rule noted by the author of the note of Chesapeake, etc., Tel. Co. v. Merriken, supra, wherein it is stated:

"Whether a passenger riding in an automobile driven by another exercises such care for his own safety as a reasonably prudent person would take under like circumstances is generally a question of fact for the jury"—citing authorities.

Of course, as upon other cases of negligence, the evidence may be such as to present a question of law, and disclose that as a matter of law plaintiff was guilty of no contributory negligence, such as illustrated by the case of Campion v. Eakle, supra. Each case is dependent upon its own peculiar circumstances.

The authorities we have herein noted as being analogous to the instant case are to the effect that, upon circumstances as here shown, the question is one for the jury.

In So. Ry. Co. v. Jones, 143 Ala. 328, 39 So. 118, and Black v. N. Y., etc., R. R. Co., 193 Mass. 448, 79 N. E. 797, 7 L. R. A. (N. S.) 148, 9 Ann. Cas. 485, and Wheeler v. Grand Trunk Ry. Co., 70 N. H. 607, 50 A. 103, 54 L. R. A. 955, cited by appellant, it was held the question of contributory negligence therein presented was one for the jury's determination. Nor do we find the case of Brember v. Jones, 67 N. H. 374, 30 A. 411, 26 L. R. A. 408, also cited by appellant, militates against the conclusion here reached.

The trial court therefore committed no error in giving the charge requested by defendant submitting the issue of contributory negligence of plaintiff to the jury.

The jury's verdict for defendant may well have rested upon a finding, under the plea of the general issue, that in fact defendant was not guilty of any actionable negligence as well, also, upon the question of plaintiff's contributory negligence. The case was one peculiarly within the province of the jury, and we find no occasion to disturb the action of the court in denying plaintiff's motion for a new trial.

As constituting some of the grounds of the motion for a new trial, plaintiff has assigned certain remarks made by counsel for defendant in the presence of the jury; the insistence being they were prejudicial to plaintiff's cause. There was no objection interposed thereto, and no point made concerning these remarks during the progress of the trial, and therefore no ruling of the court invoked thereon. We think it too clear for discussion that the remarks were not of such a character as to call for any disturbance of the action of the trial court in denying the motion for a new trial. L. & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760; Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543.

We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.

SAYRE and THOMAS, JJ., concur in the result.

FOSTER, J., dissents.