(137 So. 426)

**BRADFORD v. CARSON.**

8 Div. 274.

Supreme Court of Alabama,
Oct. 29, 1931.

Rehearing Denied Nov. 19, 1931.

Seybourn Harris Lynne and S. A. Lynne, both of Decatur, for appellant.

596

Julian Harris and A. J. Harris, both of Decatur, for appellee.

FOSTER, J.

■ Plaintiff was injured in a collision between an automobile driven by defendant in which she was riding and a truck driven by another. She instituted suit against the truck driver and recovered a judgment. The judgment was rendered after the suit against this defendant was filed.

Defendant pleaded that judgment, and that it was satisfied, in bar of this suit, except for costs. The plea alleged that an execution was issued on the judgment by the clerk and the amount of it collected by the sheriff and paid by him to the clerk. It does not allege that plaintiff caused the execution to issue or took any action in connection with it, nor has received payment from the clerk or otherwise.

It is thoroughly settled that satisfaction of the judgment due to plaintiff's voluntary act would be a good defense in the other suit. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Huey v. Dykes, 203 Ala. 231, 82 So. 481; McCoy v. L. & N. R. R. Co., 146 Ala. 333, 40 So. 106; Du Bose v. Marx, 52 Ala. 506; Smith v. Gayle, 58 Ala. 600; Blann v. Crocheron, 20 Ala. 320; Id., 19 Ala. 647, 54 Am. Dec. 203.

But a payment of the amount of the judgment into court without participation by plaintiff and without his acceptance of the same is not such a satisfaction. Blann v. Crocheron, supra.

But appellant insists that a plaintiff may regulate the issuance of an execution, and that when this is done by the clerk, though without his authority, he is chargeable as for a voluntary act.

Section 7795, Code, provides that the clerk shall issue execution unless otherwise directed by the court or the presiding judge. The act of 1915 (page 270) provided for its issuance unless otherwise directed (not saying by whom directed). The Code adds to the act of 1915, so that under its provisions the execution must issue unless otherwise directed by the court or judge thereof. Under the act of 1915, plaintiff could do so as held in Kaplan v. Potera, 213 Ala. 334, 105 So. 177. It is not necessary for the purposes of this case to say what effect upon the clerk's act in not issuing execution, would result from such direction by plaintiff not ordered by the court or judge, under the statute as now constructed. But certainly the act of the clerk in issuing execution under the mandate of this statute with no direction by plaintiff is not visited upon the plaintiff to the extent of constituting it an election to accept satisfaction of the judgment, upon payment of the execution when plaintiff has not approved such payment nor voluntarily accepted its benefits. Such is the effect of the well-reasoned opinion of the Supreme Court of Virginia in Fitzgerald v. Campbell, 131 Va. 486, 109 S. E. 308, 27 A. L. R. 799 and the authorities cited in note, page 812 et seq. Some confusion in this respect seems to have arisen from statements in old cases. But in the absence of statute the clerk had no authority to issue execution except upon plaintiff's direction. 23 C. J. 364; Herman on Executions, p. 66. Such old cases expressed the view that the issuance of an execution was a conclusive election. Livingston v. Bishop, 1 Johns. (N. Y.) 290, 3 Am. Dec. 330. But our case of Blann v. Crocheron, supra, holds that to constitute an election plaintiff must act, either in ordering the execution to issue or in an acceptance of the money. Our judgment is that the circuit court properly sustained demurrer to the plea.

■ Pleas 3 and 4, to which demurrer was sustained, were for contributory negligence. Plaintiff is alleged to have been riding on the front seat with defendant who was operating the car. The negligence charged in these pleas relates to her own conduct in respect to her duty as a passenger. The question is whether the facts alleged show such negligence.

It is not necessary we think to go outside of our own state for authorities on that subject. It has been fully and carefully stated in our cases. In the case of McDermott v. Sibert, 218 Ala. 670, 119 So. 681, 684, it is said that a "passenger cannot negligently abandon the exercise of his own faculties and trust entirely and absolutely to the care and

vigilance of the driver." In that case the passenger fell asleep, and thereby completely lost his faculties so as to render him unable to take care of himself in an emergency. When a passenger is merely inattentive to the operation of the car and not keeping a lookout for danger, he has not in a proper sense lost control of his faculties. While the pleas allege that she negligently abandoned the exercise of her faculties, they show that she did not in any sense lose control of them, nor abandon them in the sense expressed in the case of McDermott v. Sibert, supra, for they allege that she turned herself in the car faced the rear and looked in the opposite direction and engaged in conversation with a person behind her. The pleas also state that she intrusted herself entirely to the vigilance of the driver.

But we think that the trust in the vigilance of the driver is not as a matter of law negligence as long as she is in full possession of all her faculties, and there are no known or appreciated circumstances of danger. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610. It is therefore only necessary here to say that the pleas of contributory negligence do not show that plaintiff knew any circumstances which would make it dangerous for her to turn about and face toward the rear looking in that direction and engage in conversation with a person behind her in the car, and keep no lookout ahead. In the absence of anything to suggest that there was danger in so doing, other than that incident to a passenger in a car being operated with due care, there was no such duty. We think that the court properly sustained demurrer to pleas 3 and 4.

■ In connection with given charge 7, we observe: The rule has been many times expressed that "where the provisions of a subsequent statute cover the entire subject-matter of a former statute, and are clearly intended as a complete substitute for all the provisions of the former, a repeal of the former statute is had." State v. Kirkpatrick, 19 Ala. App. 50, 95 So. 490, 492; Edson v. State, 134 Ala. 50, 32 So. 308; Lemay v. Walker, 62 Ala. 39; 25 R. C. L. 915.

The act known as the Alabama Highway Code, Acts 1927, p. 348, certainly undertakes to restate and re-enact in a large measure at least and add to the rules pertaining to the operation of automobiles on the highways. It does not expressly repeal or amend any specific existing provision of law. Article 2 of the act (page 363, § 47 et seq.) relates to "Rules of the Road." That article contains much matter theretofore included in chapter 261, Code (section 6263 et seq.).

To the extent that it provides regulations different from those of that chapter, it of course controls.

Section 6265 in that chapter requires that upon approaching a curve or a corner in a highway where the operator's view is obstructed, he shall slow down and give a timely signal with his bell, horn, or other device for signaling. Section 73 of the Highway Act of 1927, page 376, has a title, "Driving on Mountain Highways," and relates to the operation of cars "traversing defiles, canyons or mountain highways," and then provides that "upon approaching any curve where the view is obstructed within a distance of two hundred feet along the highway [the operator] shall give audible warning with a horn or other warning device." It is our judgment that the act prescribes a duty to give signals when the approach is to a curve in any highway where the view is obstructed within a distance of two hundred feet, whether a defile, canyon, mountain road or otherwise. Without undertaking to analyze the Highway Act in other respects, we think that section 73 of it controls the duty now under consideration.

■ The testimony of defendant was that he was about seventy feet away from the truck when it came into view around the curve. Though the given charge No. 7 predicates negligence upon a failure to blow the horn if defendant's view was obstructed without regard to the distance away when it came into view, this was not error because of defendant's own evidence that he was about seventy feet away from the truck when it rounded the curve and came into view. And though charge 8 makes no reference to the obstruction, it must be weighed in the light of such uncontradicted evidence. Charges 7 and 8 were therefore given without reversible error.

We have carefully considered the various assignments of error in connection with the briefs for appellant, and find no reversible error. The charges refused either assert incorrect principles or are otherwise covered by the court's charges. We do not think it necessary to give them all separate treatment.

Finding no such error, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.