179 So.2d 79

**Edna CALLOWAY**

**v.**

**Martin C. WILLIAMS.**

**6 Div. 890.**

Supreme Court of Alabama.

Sept. 30, 1965.

Drennen, Loeb & Drennen, Birmingham, for appellant.

**502**

London, Yancey, Clark & Allen, Birmingham, for appellee.

GOODWYN, Justice.

This is a personal injury suit growing out of an automobile collision at the intersection of two public streets in the City of Mountain Brook. There was a jury verdict, and judgment thereon, in favor of defendant. Plaintiff's motion for a new trial being overruled, she brought this appeal.

The complaint, as it went to the jury, consisted of one count alleging negligence of the defendant. The defendant entered a plea in short by consent. The issues presented on the trial were whether there was negligence by the defendant and contributory negligence by the plaintiff.

The accident occurred on a July Sunday evening at about 7:30 o'clock. It was dark at the time and the lights on both cars were on.

Plaintiff was a passenger in a pickup truck being driven by her husband north on Greenbriar Lane approaching its intersection with Euclid Avenue. She was on the front seat to the immediate right of her husband, and their two teenage daughters were also on the front seat to the right of plaintiff. We find no evidence that any of these three passengers was so seated as to obstruct the view of the driver to the front or sides of the vehicle, or as to interfere with the driver's view ahead or his control over the driving mechanism of the vehicle. See: Act No. 516, § 30, appvd. Aug. 30, 1949, Acts 1949, pp. 740, 746 (included in 1955 Cum.Pock. Part, Code 1940, p. 152, and in unofficial Recompiled Code 1958, as Tit. 36, § 58(30) ) ; Williams v. Palmer, 277 Ala. 188, 168 So.2d 220, 224.

The defendant was driving a passenger car proceeding west on Euclid. There were several others in the car with him.

Over the center of the intersection was a traffic signal light. The light showed green for the truck as it entered the intersection. On the defendant's side, no light was showing as he entered the intersection, apparently because the bulb behind the red glass had burned out. The other two lights (amber and green) facing defendant were in working condition, but neither was on as he entered the intersection.

Plaintiff assigns three errors, viz.:

I. The refusal of her requested charge No. 1 as follows:

"1. I charge you gentlemen of the jury, if you believe the evidence you are not authorized to conclude that the plaintiff was guilty of any contributory negligence which proximately contributed to her injuries in this case."

II. The overruling of her motion for a new trial on the ground that the jury's verdict "is not sustained by the great preponderance of the evidence."

III. The overruling of her objection to the following question asked the defendant:

"Q. I will ask if you know, Martin, of your own knowledge, that other lights in the City of Mountain Brook are cut off at certain hours during the day?"

Our conclusion is that none of these constitutes error to reverse and that the judgment appealed from is due to be affirmed.

I. The case of Williams v. Palmer, 277 Ala. 188, 168 So.2d 220, supra, and the present one are companion cases. The plaintiffs in both were passengers in the truck and sustained injuries in the accident. The cases were tried separately. In Palmer, there was a jury verdict for the plaintiff, who was one of the two daughters in the truck. Her requested affirmative charge with hypothesis, on the issue of her contributory negligence, was given. On appeal here, that action was approved (168 So.2d, at 224).

In the instant case, there was evidence, not present in Palmer, which we think justified the refusal of plaintiff's requested affirmative charge No. 1.

▉▉▉ The plaintiff, on direct examination, was asked whether "she was awake or sleep at the time" of the accident. She replied: "Well, the best I can remember, I might have been a nodding a little bit because I was tired." On cross-examination, she testified that she did not remember anything before the accident. This evidence, when considered in connection with all of the other facts and circumstances, presented a jury question on the issue of her contributory negligence. We say this because the jury could have reasonably inferred that plaintiff was asleep immediately preceding the accident, thereby "negligently abandoning the exercise of her faculties and trusting entirely and absolutely to the vigilance and care of the driver" of the truck. See: Bradford v. Carson, 223 Ala. 594, 596–597, 137 So. 426, 428; McDermott v. Sibert, 218 Ala. 670, 672, 673, 119 So.

681. The following from Bradford v. Carson is applicable here:

"Pleas 3 and 4, to which demurrer was sustained, were for contributory negligence. Plaintiff is alleged to have been riding on the front seat with defendant who was operating the car. The negligence charged in these pleas relates to her own conduct in respect to her duty as a passenger. The question is whether the facts alleged show such negligence.

"It is not necessary we think to go outside of our own state for authorities on that subject. It has been fully and carefully stated in our cases. In the case of McDermott v. Sibert, 218 Ala. 670, 119 So. 681, 684, it is said that a 'passenger cannot negligently abandon the exercise of his own faculties and trust entirely and absolutely to the care and vigilance of the driver.' In that case the passenger fell asleep, and thereby completely lost his faculties so as to render him unable to take care of himself in an emergency. * * * *"

II. We see no useful purpose to be served by attempting an analysis of the evidence. As we view it and its conflicting tendencies, the issues in this case presented typical jury questions; and we find no basis for disturbing the jury's resolvement of them.

▉▉▉ It was the jury's prerogative to believe, or not to believe, the witnesses. We have given careful consideration to all the evidence and are persuaded that the questions of defendant's negligence and plaintiff's contributory negligence presented issues of fact for the jury's determination. While there was evidence from which the jury might have concluded the issues in favor of plaintiff, there was evidence supporting the jury's finding in favor of the defendant.

"When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; * * *. But when

there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. * * * [T]he decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740.

What was said in Smith v. Smith, 254 Ala. 404, 408, 48 So.2d 546, 548, is equally applicable here, viz.:

> "The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796."

We cannot say that the trial court erred in overruling plaintiff's motion for a new trial.

III. The defendant insists that this assignment of error is without merit for several reasons. We think the first reason argued in his brief is good, thereby making it unnecessary to deal with the others.

Since there was no answer to this question, there was no error in overruling plaintiff's objection to it. There was an answer to the question as changed by adding to it "traffic lights" in place of "lights." But there is no assignment of error relating to the question as thus changed.

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, COLEMAN and HARWOOD, JJ., concur.